# Central of Georgia Ry. Co. *v.* Johnson.

*Damage for Injury to Passenger.*

(Decided Nov. 16, 1911.  56 South. 756.)

1. *New Trial; Grounds; Newly Discovered Evidence.*—Where the alleged newly discovered evidence is merely cumulative, a verdict will not, as a general rule, be set aside on that account.

2. *Same; Time.*—Where a failure to thoroughly examine a witness prevented the earlier discovery of new testimony, a proper amount of diligence was not shown, and the party applying was not entitled to a new trial for that reason.

3. *Carriers; Passengers; Alighting; Evidence.*—The evidence in this case stated and examined and held to sustain recovery against a carrier on the theory of negligent injury to a passenger while alighting, caused by the sudden starting of the train.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Josie Johnson against the Central of Georgia Railway Company, for damages sustained while a passenger. Judgment for plaintiff and defendant appeals. Affirmed.

STEINER, CRUM & WEIL, for appellant. After citing authorities to the well recognized rule that the court will not disturb the verdict unless after allowing all reasonable presumption in favor of its correctness, the preponderance of the evidence against the verdict is so decided as to convince the court that it is wrong and unjust, counsel conclude that the evidence adduced on the original trial and on the application for a new trial, together with the newly discovered evidence, was sufficient to require the trial court to have granted the new trial, and was such as to persuade this court that the trial court was in error in so acting. It is also submitted that on the evidence the verdict was excessive.

HILL, HILL & WHITING, for appellee. Grounds 1 and 2 of the motion were not sustained because there was evidence which supported the verdict, and which required a submission of the questions involved, to the jury.—*Jones v. Tucker*, 132 Ala. 305; *Williamson I. Co. v. McQueen*, 144 Ala. 279; *Taylor v. Cauley*, 113 Ala. 586. It is not a question of the number of witnesses, but of the facts and circumstances to be considered.—*A. G. S. v. Frazer*, 93 Ala. 45. The motion fails to set out in what way the verdict was contrary to law, and hence this charge is unavailing.—*A. N. M. Co. v. Brown*, 29 South. 38; *Parker v. Bond*, 121 Ala. 529. The verdict was not excessive.—*C. of Ga. Ry. Co. v. Ashley*, 159 Ala. 145. There is nothing in the ground of the disqualification of the juror.—*Sowell v. Brewton*, 119 Ala. 92. The evidence newly discovered was cumulative, and besides, no excuse was given for a want of diligence.—*McLeod v. Shelby Co.* 108 Ala. 81; *Knife Co. v. Umbenhauer*, 107 Ala. 496.

[Central of Georgia Ry. Co. v. Johnson.]

DE GRAFFENRIED, J.—This suit was brought by a negro woman against the appellant, which is a railway corporation and a common carrier of passengers, for damages for personal injuries which she alleges she received through the negligence of appellant's servants while acting in the line of their employment, and while she was a passenger on one of appellant's trains.

The appellee alleges in her complaint that, for a reward, the appellant undertook to carry her as a passenger from Montgomery to a station in Russell county, Ala., and that it did take her to said station. She further alleges and she testified at the trial that when she reached her station she undertook to get off the train, but that, while she was in the act of so doing, the train was negligently started on its journey, and that she was thereby thrown to the ground and badly bruised and injured.

There was a jury and a verdict in favor of appellee for $500. Thereupon the appellant, upon various grounds, moved the court to set aside the verdict, and to grant it a new trial. The court reduced the amount of the verdict to $300, overruled the motion to set aside the verdict, and rendered judgment for the appellee for said sum, and this appeal is prosecuted. to reverse that judgment.

The only ground of the motion which we regard as of sufficient importance to discuss is that ground in which it is claimed that the evidence is so overwhelmingly against the right of the appellee to recover as to shock the conscience of the court, and convince it that, in rendering the verdict, the jury did the appellant a palpable wrong.

It is true counsel for appellant insisted that the verdict should be set aside because of newly discovered evidence, but there is nothing in that contention. All

of the evidence which appellant claims it discovered after the trial was simply cumulative of evidence which was in fact introduced before the jury during the trial, unless, indeed, we except the fact that Dr. Kirkpatrick, who testified in the case, but who failed to fix the exact day on which he testified that he treated appellee, *after* the trial made an affidavit that his books showed that he treated the appellee three weeks later than the time fixed by appellee in her testimony. A verdict will not,. as a general rule, be disturbed because of the discovery, after the trial, of evidence merely cumulative of evidence which went before the jury on the trial. *McLeod v. Shelly Co.,* 108 Ala. 81, 19 South. 326; *Knife Co. v. Umdenhauer,* 107 Ala. 496, 18 South. 175, 54 Am. St. Rep. 114.

The witness Kirkpatrick was examined, as above stated, during the trial, and the fact that appellant neglected to thoroughly examine him constitutes no ground for setting aside the verdict. The trial was had in the city of Montgomery. The witness lived and had his office in Montgomery. If appellant had desired the witness to refresh his recollection by an examination of his books, the books could have been obtained during the trial, and from those books he could, as easily during the trial as afterwards, have refreshed his recollection and given the exact date on which he treated appellee. This was not done, and it is evident that the verdict should not be disturbed on *that* account.

If the appellee testified truthfully in the material parts of her testimony, she was entitled to recover; if not, she was not. She was impeached, and that tended to cast doubt upon her testimony. In addition to this, she was contradicted in many material parts of her testimony. It appears that she was injured by appellant, after dark on Saturday night, and the flagman, who,

[Central of Georgia Ry. Co. v. Johnson.]

according to *her* testimony, was near her when she left the train, testified positively that she did not fall in getting off the train, but that she reached the ground safely, and was standing with her baby in her arms when the train left. The flagman was corroborated in nearly all of the material parts of his testimony by the conductor of the train.

In addition to this, it was shown conclusively on the trial that appellee appeared at a dance that night after she left the train; and three or four witnesses, some of whom were related to appellee, testified that they were with her that night and the next day, and that they not only did not notice that appellee was injured in any way, but that she made no complaint to them of any such injury while she was with them on Saturday night and Sunday, or at any other time.

Appellee returned to Montgomery Monday morning, and the train on which she returned was in charge of the same flagman and conductor who had charge of it the Saturday night before. At this point in her testimony, the appellee is *peculiarly* and strongly corroborated by both the flagman and the conductor. The flagman testified, in substance, that as soon as the woman saw him on the train Monday morning she told him of her injuries of the Saturday night before, and that she had been thrown to the ground, because the train started before she had alighted from it, and that she had received injuries about her knees and hips. The flagman further testified that the woman offered to exhibit to him the said injuries, but he declined to make the examination. The conductor also testified that the woman told him that she had been injured on the Saturday night before, as stated above.

It further appeared from the testimony, beyond dispute, that the woman, on her arrival at Montgomery,

employed a lawyer to bring this suit, and that she was examined by Dr. Kirkpatrick, whose testimony tended to show that there was some swelling about one of her knees, and that she had received in some way, bodily injuries.

It was developed, also, during the trial, that after the woman had made complaint that she had been injured the appellant sent a special agent to Russell county to see the parties with whom she stayed while she was there; and that all the witnesses who came from Russell county to testify on behalf of appellant had done so upon the statement of appellant or its agents that they would receive free transportation from appellant to and from Montgomery, and in addition thereto their per diem for attending the court as witnesses in the case.

It is contended by appellant that the verdict of the jury was against the great weight of the testimony, and therefore that the jury were misled into rendering the verdict, either through sympathy for appellee, or on account of prejudice against appellant. We find nothing in the evidence indicating that the jury possessed any particular sympathy for the appellee, or that they entertained any prejudice of any sort against the appellant. While a majority of the witnesses testified favorably to the appellant, nevertheless there was evidence in the case from which the jury, within their exclusive province, if they believed that evidence, had the right to find a verdict for the appellee. The judge who presided at the trial, as well as the jury, heard all of the witnesses and observed the demeanor of each upon the stand; and the fact that the court reduced the verdict from $500 to $300, and permitted the verdict to stand for that amount, weighs heavily with us as an indication that this judgment should not be disturbed.

[Mobile & Ohio Railroad Co. v. Barber.]

The presiding judge was evidently not of the opinion that a recovery by appellee was unwarranted, or that she was not entitled to substantial damages. We cannot say that the judgment rendered was, under all the evidence, a palpable wrong to appellant, and we therefore cannot say that the court below erred in refusing to grant the appellant a new trial, and in rendering judgment in favor of the appellee.

The judgment of the court below is affirmed.

Affirmed.

*Damage for Injury to Passenger.*

