196 So. 289

### GARY v. STATE.

### 4 Div. 581.

Court of Appeals of Alabama.

April 16, 1940.

Rehearing Denied May 21, 1940.

J. B. Hicks, of Phenix City, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, a negro, was 44 years of age; his wife, Cornelia Gary, was 34. He testified on his trial that he and Cornelia had lived together for 22 years, and had 10 children—nine living on the date of trial.

John (the appellant) lived near a church —"in sight," as the witnesses phrase it— and "meeting" was, or had been, in progress during the day—a Sunday.

The people present at the church for the services had to—or did—"get water" at John's house. Many of them "came and went," to and from same, and loitered around the house, throughout the day.

At about 4:30 in the afternoon John, who bore a good reputation, shot with a pistol, and killed, Cornelia (his wife), in one of the rooms of his humble little home.

He testified that he suddenly came upon Cornelia and one John Wesley Turpin— who was married to John's Aunt—engaged in the act of sexual intercourse, standing up, in a back room of the house. And that he immediately procured his pistol from the place where it was hanging on the wall of the room—or perhaps the adjoining room— and fired one shot at John Wesley. But that John Wesley "dodged" and ran; and he, accidentally, as it were shot Cornelia, his wife.

The testimony on behalf of the State was to a different effect. According to it—which we will not detail,—John deliberately shot Cornelia for no cause at all, and the jury were well warranted in finding him guilty of murder in the second degree; from the judgment entered upon which finding he prosecutes this appeal.

The learned trial court charged the jury, orally, fully and completely—and, we think, correctly—upon all the issues involved.

Appellant was represented by capable counsel on his trial. They, apparently,— and, as appears, reasonably—were of the same opinion expressed by us as to the sufficiency and accurateness of the said oral charge of the court. They took no exception to any part thereof; neither did they request that any written charges, in addition thereto, be given to the jury.

No exceptions were reserved on the taking of testimony. In fact, the proceedings up to the time of the verdict by the jury seem obviously—and, by appellant's counsel, still representing him, here, admittedly—without error.

Upon this appeal all that needs be mentioned is the action of the lower court in overruling appellant's motion to set aside the verdict of the jury, and the

**382**

judgment entered thereon, on the ground of "newly discovered testimony,"—said "newly discovered testimony" being that whereas Tillman Tolliver gave damaging testimony against the defendant (appellant) at the trial, the said Tillman Tolliver was not present at the scene of the shooting, at all.

Many decisions have been rendered by both the Supreme Court and this court touching this subject. But, so far as we recall, the rules that obtain are as well and fully stated by the Supreme Court in its opinion in the case of Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45, as at any other place. We do not see the need of our undertaking to re-state them.

In this case it appears that at least one of the parties who furnished affidavits upon which the motion for a new trial was based testified at the trial; and by the simple expedient of cross-examination all that this witness knew as embodied in his later made "affidavit" could have been ascertained And appellant could not claim he was not "put on notice;" because the witness Tillman Tolliver testified he was present "at the shooting," while appellant denied it. Surely the slightest diligence required that he inquire of the other witnesses present, both at the trial and at the scene of the shooting, what they knew of the presence vel non of Tolliver; and not wait until the trial was over, then get their "affidavits" that Tolliver was not present.

As said by our Supreme Court in its opinion in the case of Scruggs v. State, 224 Ala. 328, 140 So. 405, 407: "The newly discovered evidence was of such type as 'may be discovered in almost any case,' and was not such as to call for a new trial under our well-settled rules."

The judgment is affirmed.

Affirmed.