Proctor & Snodgrass, of Scottsboro, for appellant.

H. T. Foster, of Scottsboro, for appellee.

CARR, Judge.

Count 4 of the complaint, as amended, claimed of the appellant the sum of $124 for an alleged breach of contract asserted to have been entered into between appellee and appellant, in which count it is alleged that the appellee traded appellant a pair of mules and some farming tools for a mare and that appellant agreed to assume the balance due on a certain mortgage on the mules, previously executed by appellee to the First National Bank of Stevenson, Alabama. Appellant denied this contention.

19 So.2d 93

### SUMMERS v. DOBBINS.
#### 8 Div. 412.

Court of Appeals of Alabama.
Aug. 22, 1944.

The cause was tried by the court sitting without a jury, and judgment was rendered on said amended Count 4 in favor of appellee.

Demurrers were addressed to this count and the ruling of the court in respect thereto is made the basis of assignment of error. The judgment entry makes no recitation of this ruling. In this state of the record the question is not properly before this court. Empire Guano Co. v. Ellis, 19 Ala.App. 463, 98 So. 38; Alabama Fuel & Iron Co. v. Vaughan, 205 Ala. 589, 88 So. 857.

When the appellee concluded his direct testimony and rested his case, appellant moved to exclude all the evidence and give judgment for defendant. No exceptions were reserved to the action of the court in overruling this motion. However, appellee had introduced testimony in support of his contentions, and the trial court was without authority to grant the motion and declare judgment in favor of appellant.

The motion for a new trial, filed by appellant, was overruled by the court. We are unable to sustain the position of appellant that the motion should have been granted for the reason of newly discovered evidence. Conceding, but we do not decide, that all other conditions of the rule applicable to newly discovered evidence were fully satisfied, the evidence offered on the motion relating to the inquiry was merely cumulative. Alabama Midland Ry. Co. v. Johnson, 123 Ala. 197, 26 So. 160; Williams v. Riddlesperger, 227 Ala. 113, 148 So. 803; Central of Georgia R. Co. v. Johnson, 2 Ala.App. 501, 56 So. 756.

The respective contentions of the litigants were in dispute and therefore a question of fact was presented for the court to decide. Under these circumstances the familiar rule applies: "When the evidence is ore tenus, or partly so, and the trial court has the advantage of seeing and hearing the witnesses, this court will not disturb the conclusions, unless it is plainly and palpably contrary to the weight of the evidence." McGuire v. State, 19 Ala.App. 138, 95 So. 565, 566; Thompson v. Collier, 170 Ala. 469, 54 So. 493; Simpson v. Golden, 114 Ala. 336, 21 So. 990.

We do not find error in the matters presented on this appeal. The cause is affirmed.

Affirmed.