This is an appeal from the denial of a petition for writ of error coram nobis. Johnson's conviction for theft of services in the second degree was affirmed in Johnson v. State,421 So.2d 1306 (Ala.Cr.App. 1982).
Johnson argues that the State did not prove that the services stolen exceeded $100 in value necessary for second degree theft. The key to establishing the value of the long-distance telephone calls Johnson charged to Bobby Graham is the date when Graham revoked his permission authorizing Johnson to charge calls to his home telephone number. At trial Graham testified that on November 16, 1980, he told Johnson not to charge any more calls. At the coram nobis hearing, Graham testified that he notified Johnson the day he received his November 16th telephone bill. He did not remember the exact date but it could have been as late as December 25th. He also stated that he could not testify that he revoked permission prior to Christmas day. That statement conflicts with Graham's testimony at trial and with his other testimony at the coram nobis hearing.
Johnson's petition was properly denied for several reasons: (1) The record reveals no clear, full, and satisfactory proof extending beyond a mere balancing of the probabilities to clearly and convincingly satisfy the trial court on the merits of his argument. Corley v. State, 397 So.2d 223 (Ala.Cr.App.), cert. denied, Ex parte Corley, 397 So.2d 225 (Ala. 1981).
(2) The issue of the sufficiency of the evidence was considered and decided on the original appeal. By raising certain challenges or objections to an issue on direct appeal, a petitioner is effectively precluded from asserting additional grounds of challenge on collateral attack of the same judgment, where the newly asserted grounds could have been discovered with the exercise of reasonable diligence at the time of trial or direct appeal. Thigpen v. State, 374 So.2d 401, 403
(Ala.Cr.App.), cert. denied, Ex parte Thigpen, 374 So.2d 406
(Ala. 1979).
(3) The fact that there is no newly discovered evidence is highlighted by appellate counsel's admission at oral argument that what Graham really intended to say *Page 1342 
could have been discovered by effective cross examination. Evidence is not considered newly discovered where a failure to thoroughly examine a witness prevents the earlier discovery of new or different testimony. Rains v. Ethridge-Atkins Motor Co.,221 Ala. 160, 162, 127 So. 905 (1930); Central of Georgia Ry.Co. v. Johnson, 2 Ala. App. 501, 504, 56 So. 756 (1911). Such a failure does not constitute the exercise of reasonable diligence. Gary v. State, 29 Ala. App. 380, 382, 196 So. 289
(1940).
 "A new trial will not be granted to permit a witness to testify to facts forgotten or overlooked by him, or to which his attention was not called, when giving his testimony at trial. Legal diligence requires that a witness be examined fully and specifically as to his knowledge of all the matters in controversy; and the case must be a very strong one which will justify a new trial on the ground of newly discovered evidence, where the witness was in fact used on the trial of the case." 66 C.J.S. New Trial § 104 (1950).
See also 24 C.J.S. Criminal Law § 1454d (1961) ("the subsequent recollection by a witness as to some fact omitted from his testimony or incorrectly stated therein is not ordinarily ground for a new trial; nor will a new trial be granted if the proper questions had been put to him").
(4) Coram nobis does not lie to enable a petitioner to question the merits of a case or to correct an error of fact which has been adjudicated, even though wrongfully determined.Divine v. State, 285 Ala. 488, 492, 234 So.2d 28 (1970). The writ is not available to review questions of fact which have been tried beforehand. Henderson v. State, 45 Ala. App. 143,144, 227 So.2d 140 (1969).
The judgment of the circuit court denying Johnson's petition for writ of error coram nobis is affirmed.
AFFIRMED.
All Judges concur.