### Dan Jones v. The State.

#### No. 3889.    Decided May 13, 1908.

**Attempt to Commit Burglary—Indictment.**

Where the indictment charged defendant with attempting to break and enter the house with intent to commit the crime of theft, etc., the same was sufficient, and a general exception that it did not set out the facts, etc., was correctly overruled.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of an attempt to commit burglary; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of an attempt to commit burglary.

The record is before us without a statement of facts or bill of exceptions. None of the questions suggested for revision can be considered in the absence of a statement of facts and bills of exception, except that which relates to the sufficiency of the indictment. The only attack made on the indictment is in the following language: "The indictment is insufficient in that it does not set out the facts and acts

committed in the attempt to perpetrate the crime of burglary." This is rather in the nature of a general demurrer, and fails to set out any particular defect or what fact or act is omitted from the charging part of the indictment. The indictment charges appellant with attempting to break and enter the house with intent to commit the crime of theft, etc., by attempting by force to raise a window in said house. We are of opinion that this sufficiently set forth the act of appellant in trying to break into the house.

As presented by this record, we are of opinion there is no such reversible error as requires a reversal, therefore, the judgment is affirmed.

*Affirmed.*