MERVIN ASH v. THE STATE.

No. 7167.   Decided November 29, 1922.

Rehearing denied January 3, 1923.

**1.—Burglary—Misconduct of Jury—Bill of Exceptions—Plea of Guilty.**

Where the bill of exceptions setting out the testimony heard by the trial court upon motion for a new trial was filed after term time the same cannot be considered on appeal, and the indictment being regular, the defendant pleading guilty, and the lowest term of imprisonment was awarded, the judgment is affirmed.

**2.—Same—Rehearing—Indictment—Breaking—Burglary—Force.**

Breaking, as that term is used in the law of burglary, is defined in Article 1308, Penal Code, to be an entry made with actual force, and an allegation in the indictment that the defendant attempted to break and enter the house alleged, necessarily charges an attempt to enter by force; following Jones v. State, 53 Texas Crim. Rep., 470.

**3.—Same—Statement of Facts—Motion for New Trial—Practice on Appeal.**

Statements of facts, and bills of exception setting out facts, relating to matters of testimony, heard in support of a motion for a new trial, must be filed during term time. Following Knight v. State, 144 S. W. Rep., 967.

**4.—Same—Motion for a New Trial—Statement of Facts—Practice on Appeal.**

The statement of such matters in the motion for a new trial would not be tantamount to a showing of the existence of such facts, nor could this court conclude the truth of facts set up in such motion in the absence of a statement of the evidence heard.

5.—Same—Return of Indictment—Practice in Trial Court.

Where the indictment was named as being for burglary, the number of the case is correctly stated and corresponded with that of the indictment, from which it clearly appeared that the offense was for an attempt at burglary, there was no substantial error in the notation of the return of the indictment.

Appeal from the District Court of Travis. Tried below before the Honorable James R. Hamilton.

Omitting formal parts of the indictment, the same charges that the defendant and another in said county and State on or about the 7th day of January, etc., etc., did then and there unlawfully attempt to break and enter a house there situate and owned and occupied and controlled, etc., etc., and the said defendant and another did then and there, in carrying out said design to break and enter said house with the intent aforesaid, attempt by force to open a closed door in said house with the intent then and there to so enter, against, etc.

*Warren W. Moore*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.—On question of statement of facts heard on motion for a new trial, Salazar v. State, 225 S. W. Rep., 528; Parrocini v. State, 90 Texas Crim. Rep., 320; Probest v. State, 60 id., 608.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Travis County of the offense of burglary, and his punishment fixed at two years in the penitentiary. There is no brief on file for appellant.

The only complaint of any part of the proceedings in the trial below which appears in the record is evidenced by a bill of exceptions complaining of misconduct of the jury. All of the matter relating to this complaint is set forth in said bill of exceptions, consideration of which is objected to by our Assistant Attorney General upon the ground that said bill was filed in the court below too late. Examination of the record discloses that the term of the trial court adjourned April 29, 1922. The bill of exceptions referred to which sets out the testimony heard by the trial court upon presentation of motion for new trial, was not filed until June 16, 1922. Under all the authorities and the unbroken line of decisions of this court a bill of exceptions taken to such action, and which contains a statement of facts heard upon presentation of motion for new trial, must be filed during term time. See page 833, Vernon's C. C. P. for citation of authorities. Reese v. St. No. 6806, opinion Nov. 29, 1922.

The indictment is in regular form, and it appears that a plea of guilty was entered by the appellant, and the lowest term awarded him by the jury.

No error appearing in the record, the judgment will be affirmed.

*Affirmed.*

*o*  January 3, 1923.

LATTIMORE, JUDGE.—Appellant assails the correctness of our holding that the indictment herein was in regular form, and insists that same is insufficient.  Said indictment follows the form laid down by Mr. Branch in his Annotated Penal Code, p. 1293, in the second count there set out.  See Jones v. State, 53 Texas Crim. Rep., 470. "Breaking" as that term is used in the law of burglary is defined in Article 1308 of our Penal Code to be an entry made with actual force.  A charge that one attempted to break and enter a house would seem, therefore, to necessarily charge an attempt to enter by force.

It is also urged that we were in error in holding that the statement of the facts adduced upon the hearing of appellant's motion for new trial could not be considered by us because same was not filed during the term.  Since Black v. State, 41 Texas Crim. Rep., 186, this court seems to have uniformly held that statements of facts and bills of exception relating to matters of testimony heard in support of a motion for new trial must be filed during term time.  The matter is fully discussed in Knight v. State, 64 Texas Crim. Rep., 541, 144 S. W. Rep., 967, and our opinion on this point in this case is in consonance with decisions too numerous to mention.

Appellant insists that the matter is sufficiently presented by his motion for new trial which concludes with a statement that the refusal of said new trial is excepted to by the appellant, and that this took place during term time.  The statement of such matters in the motion for new trial would not be tantamount to a showing of the existence of such facts, nor could we conclude the truth of facts set up in such motion for new trial in the absence of a statement of the evidence heard.  In the absence of the testimony heard by the court at the time the motion for new trial is presented, the rule is that this court accepts as correct the action of the trial court in overruling the motion for new trial, and we must conclude that such action was supported by the testimony heard.

We do not think any substantial error appears in the notation of the return of the indictment wherein the indictment was named as being for burglary.  The number of the case was correctly stated and corresponds with that of the indictment which appears in full in the transcript herein and from which it clearly appears that the indictment was for attempt at burglary.

Believing the case was correctly disposed of upon the original hearing, appellant's motion for rehearing will be overruled.

*Overruled.*