TRAVIS CURRY, ALIAS SLIM TRAVIS, v. THE STATE.

No. 15488.   Delivered October 19, 1932.
Rehearing Denied November 23, 1932.
Reported in 54 S. W. (2d) 89.

The opinion states the case.

*Watson & Spears,* of San Antonio, for appellant.

*Delos Finch,* Asst. Dist. Atty., of San Antonio, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for attempt to commit burglary; punishment, two years in the penitentiary.

The record is here without any statement of facts. Appellant moved to quash the indictment. Same alleges that the accused "did by force, etc., attempt to break and enter a house, etc., in this that said Travis did then and there attempt to break open the door of said house." In Jones v. State, 53 Texas Crim. Rep., 470, this court held an indictment good which charged the accused with attempting to burglarize a house "by attempting by force to raise a window" of said house. We see no substantial difference. The Jones case was approved and followed by us in Ash v. State, 93 Texas Crim. Rep., 189.

It was fully charged in the indictment herein that the attempt to break and enter the house was with intent to commit theft. Whether these allegations were supported by testimony on the trial would depend on the facts, a statement of which appellant seems to have failed to bring forward.

If there was error, as contended by appellant, by the use of the word "felony" in that part of the court's charge wherein the jury were told to convict appellant if they found he attempted to enter the house in question with intent to commit a felony, or the crime of theft as alleged in the first count of the indictment, same was cured and rendered harmless by the verdict of the jury which specifically found appellant guilty "as charged in the first count of the indictment"; it being alleged in said count that appellant attempted to enter said house with intent to commit theft. The judgment and sentence were for guilt of attempting to break with intent to steal.

We can not agree with appellant's complaint of the court's charge upon accomplice testimony which, while in form somewhat different from that ordinarily used, pointedly told the jury that, before they could convict, the testimony of the accomplice, together with the other testimony, must establish beyond a reasonable doubt that appellant was guilty of the offense.

Being unable to agree with any of appellant's contentions, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—As stated in the original opinion, the first count of the indictment charged in appropriate language an attempt to break into the house at night with intent to commit theft. In defining burglary, the court told the jury it was

constituted by entering a house by force at night with intent to commit a felony or theft. This, of course, was a correct general definition of burglary under the statute. Articles 1389 and 1390 of the P. C. The indictment contained no count charging that the attempted burglary was with intent to commit a felony. In applying the law to the facts the court instructed the jury to find appellant guilty if he attempted to enter the house with the intent to "commit a felony or the crime of theft." Written objection was filed to that part of the instruction using the term "felony." The court should have stricken it from the instruction because no such averment was in the indictment. However, we are unable to see how the error complained of could work harm to appellant. It is true, if the evidence raised the issue that the entry of the house was with intent to commit some crime which was a "felony," then it might be urged that the failure of the court to correct the charge in response to the objection resulted in injury to appellant. In the absence of a statement of facts, this court, of course, has no knowledge of what the evidence disclosed. We can not presume that it raised any such issue as burglary with intent to commit a felony without which the error in the charge appears harmless. Article 666, C. C. P., provides that a reversal shall not be awarded because of an error in the charge unless it was calculated to injure the rights of accused. Application of this principle in the present case we think calls for overruling the motion for rehearing, and it is so ordered.

*Overruled.*