JOHN FREEMAN V. THE STATE.

No. 22527. Delivered June 2, 1943.
Rehearing Denied June 25, 1943.

The opinion states the case.

*Alex M. Mood,* of Fort Worth, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Upon his plea of guilty, appellant was convicted of attempting to commit the crime of burglary and his punishment assessed at confinement in the State penitentiary for two years.

It is insisted that the indictment is so fundamentally defective that a conviction cannot be predicated thereon. The charging part of the indictment reads as follows:

"— — — — — — — — — — — — — — — — — — — — — — — — that on or about the 8th day of October A. D. 1942, and anterior to the presentment of this indictment, in the County and State aforesaid John Freeman did, then and there unlawfully, by force, attempt to break and enter a house there situate, and occupied and controlled by Claud Mings, with the intent then and there to fraudulently take therefrom corporeal personal property therein being and belonging to the said Claud Mings from the possession of the said Claud Mings, without the consent of the said Claud Mings and with the intent to deprive the said Claud Mings the owner of said corporeal personal property of the value thereof and to appropriate it to the use and benefit of him, the said John Freeman, and the said John Freeman did then and there in carrying out said design to break and enter said house with the intent aforesaid, by force open a wire screen door covering an opening in said house, with the intent then and there to so enter."

If we understand the attack on the indictment, it is that the offense charged is burglary rather than attempt to commit burglary, and that such is made manifest by the use of the words "and the said John Freeman did then and there in carrying out said design to break and enter said house with the intent aforesaid, by force open a wire screen door covering an opening in said house, with the intent then and there to so enter;".

The crime of attempt to commit burglary is consummated by an attempt carried beyond mere preparation but falling short of the ultimate, or consummated, crime of burglary (Art. 1402, P. C .). Hence, if the indictment charges the consummated crime of burglary, it does not charge the offense of attempt to commit that crime.

To constitute the crime of burglary, there must be an "entry," which is defined by Art. 1392, P. C., as follows: "The 'entry' into a house includes every kind of entry but one made by the free consent of the occupant, or of one authorized to give such consent; it is not necessary that there should be any actual breaking to constitute burglary, except when the entry is made in the daytime."

The term "breaking," as applied to the crime of burglary, is defined by Art. 1394, P. C., as follows: "By 'breaking,' as used in this chapter, is meant that the entry must be made with actual force. The slightest force, however, is sufficient to constitute breaking; it may be by lifting the latch of a door that is shut, or by raising a window, the entry at a chimney, or other unusual place, the introduction of the hand or any instrument to draw out the property through an aperture made by the offender for that purpose."

The allegation of the indictment mentioned, while charging the application of force to the house, with the intent to commit the crime of burglary, falls short of charging that crime, by the absence of an allegation of entry into the house.

The indictment is sufficient to charge the offense of an attempt to commit burglary. See: Jones v. State, 53 Tex. Cr. R. 470, 110 S. W. 748; Curry v. State, 122 Tex. Cr. R. 218, 54 S. W. (2d) 89.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

On original submission no brief was filed by appellant and we were not advised of the authority upon which he relied for his contention, reflected by his one bill of exception and treated in the original opinion. In his motion for rehearing he refers us to Fonville v. State 62 S. W. 573, with the statement that the original opinion is in conflict with that case. We do not think that it is.

We take it that the chief contention is that the allegation in the indictment in the instant case constitutes a conclusion. No issue is taken with the reasoning in the original opinion other than that. We can conceive of no comfort in the Fonville case for appellant on any other ground. Judge Brooks said in that case: "Where the pleader alleges an attempt to commit an offense, he should state fully the acts and things done by the accused indicating his intent and attempt to commit the burg-

lary, and not merely state a conclusion. White's Ann. Pen. Code, par. 1455."

He does not copy the language of the indictment from which he reaches his conclusion that the law was not complied with and we are not in position to either agree or disagree with the application of a well settled principle of law to the question in that case. The indictment before us, as copied in the original opinion, clearly complies with the requirement that the pleader "should state fully the acts and things done by the accused."

A further discussion of the question would be mere repetition of what has been forcefully and clearly expressed as applied to the instant case.

The motion for rehearing is overruled.