28 So.2d 804

**FOSTER v. STATE.**

6 Div. 273.

Court of Appeals of Alabama.
Jan. 21, 1947.

J. M. Ward, of Tuscaloosa, for appellant.

Wm. N. McQueen, Atty. Gen., for the State.

CARR, Judge.

The defendant below was tried and convicted on the following indictment: "The Grand Jury of said County charge that before the finding of this Indictment Ed. Foster, alias Eddie Foster, did in the daytime with intent to steal attempt to break into and enter an inhabited dwelling house of M. C. Hartley, which was occupied by Mrs. Saunie Hartley, Betty Jean Hartley, Charles Hartley, annd Robert Wayne Hartley, persons lodged therein against the peace and dignity of the State of Alabama."

By demurrer to the indictment one ground is based as follows: "4. For that the same fails to charge a violation of the Laws of State of Alabama."

Title 14, Sec. 42, Code 1940, provides: "Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt."

We can see no prohibition against a grand jury returning an indictment charging the defendant with having attempted to commit a felony. Bradford v. State, 146 Ala. 150, 41 So. 471. In fact, this action would be consonant with the duty imposed if the evidence did not warrant a true bill for the higher crime.

This appeal is here on the record proper. We do not find any irregularity therein. The judgment of conviction is, therefore, ordered affirmed.

Affirmed.