34 So.2d 188

**COOPER v. STATE.**

6 Div. 485.

Court of Appeals of Alabama.

Feb. 24, 1948.

G. J. Prosch, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

CARR, Judge.

The prosecution in this cause is based on Title 14, Sec. 85, Code 1940, with the exception that the charge is *an attempt* to commit the offense denounced by the section. Title 14, Sec. 42, Code 1940, provides:

"Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt."

The authorities amply sustain the position that an indictment or complaint can be so framed as to charge *an attempt* to commit a felony. Bradford v. State, 146 Ala. 150, 41 So. 471; Corkran v. State, 203 Ala. 513, 84 So. 743; Foster v. State, 32 Ala.App. 605, 28 So.2d 804.

The demurrers to the complaint were overruled without error.

The case below was tried by the court without the aid of a jury. The pertinent facts are accurately stated in the brief of the Assistant Attorney General:

"The evidence introduced on behalf of the State tends to prove that on the night of January 4, 1947, Mrs. Virginia Lee Brown, the prosecutrix in this case, was at her home in Jefferson County, that the doorbell of her house was rung, she went to the door and looked through a glass panel in the door, and there saw the defendant standing on her front porch. The evidence further tends to prove that there was a light burning on the front porch and Mrs. Brown got a good look at the defendant. Mrs. Brown denied entrance to the defendant and went back to the back of her house. The evidence further tends to prove that she heard a screen door rattle at the back part of her house, and upon looking out of a window, she saw defendant standing at a screen door, which door led into a screened porch on the side of her house. The evidence further tends to prove that the defendant had hold of the handle on the screen door and was rattling it to such an extent that Mrs. Brown could hear it in the house. The evidence further tends to prove that the defendant's pants were open and his private parts were exposed to view.

"The evidence on behalf of the defendant tends to prove that the defendant was not in the vicinity or neighborhood of the Browns' house on the night of January 4, 1947."

There were a number of exceptions reserved to the rulings of the court while the introduction of the evidence was in progress. It could serve no good purpose to respond to these matters. Let it suffice for us to observe that we have considered each of these, and we do not find any errors here that could in any wise inure to the prejudicial harm of the appellant.

Whether or not the accused was the person who came to Mrs. Brown's home under the indicated circumstances was a question of determinable fact, and the truth vel non thereof rested to a large degree on the correctness of identification.

The other essential elements of the charged crime were factual issues also. The solution of these addressed itself, under the evidence, to the judgment of the trial judge. We must concede that the judge who tried the case had a privilege we do not enjoy and that was the opportunity of hearing and observing the witnesses as they testified in the cause. His findings under such circumstances will be given the same weight and effect as the verdict of a jury. Pride v. State, 32 Ala. App. 639, 29 So.2d 346.

These findings should not be disturbed by an appellate court unless it clearly appears that the conclusions of the judge are contrary to the great weight of the evidence. Gunnells v. State, 21 Ala.App. 648, 111 So. 320.

It is our considered opinion that the judgment of the nisi prius court is due to be affirmed. It is so ordered.

Affirmed.