278 So.2d 245

**William Richmond STEPHENS**

v.

**STATE.**

**5 Div. 95.**

Court of Criminal Appeals of Alabama.

May 8, 1973.

James Noel Baker, Opelika, for appellant.

William J. Baxley, Atty. Gen., and Randall L. Cole, Ft. Payne, Special Asst. Atty. Gen., for the State.

JOSEPH J. JASPER, Circuit Judge.

On December 10, 1971, Stephens, was tried and found guilty in the Circuit Court of Chambers County, Alabama, without a jury, in each of two separate cases; Assault and Battery and Trespass After Warning. These cases were consolidated and tried together by agreement. For assault and battery the appellant was fined $100.00 and sentenced to sixty days hard labor for the county; in the trespass case he was fined $25.00.

Mr. V. H. Stephens, the complaining witness, was the grandfather of the appellant. A dispute arose over the cutting of a tree by the complaining witness on land claimed to be owned by way of life estate in the wife of the complaining witness. Appellant claimed the land was owned by his father, the son of the complaining witness. The complaining witness cut the tree and an altercation arose over the removal of the tree. The facts are controverted as to the Assault and Battery and as to the Trespass After Warning.

Appellant seeks review on appeal by authority of Code of Alabama, Title 15, Section 322, Recompiled 1958.

"Appeal of criminal cases, tried without jury. In the trial of any criminal cause at law, in the circuit court or court of like jurisdiction by the judge of the court without the intervention of a jury, the defendant may present for review by bill of exceptions the conclusions and judgment of the court on the evidence, and the court of appeals or supreme court shall review the same without any presumption in favor of the court below, either on the rulings of the law, or conclusions on the evidence, and if there be error, shall render such judgment in the cause as the court below should have rendered, or reverse and remand the same for further proceedings in the circuit court, as the court of appeals or the supreme court may deem right. The finding of the court on the facts shall be subject to review without an exception thereto."

The appellate courts by authority of this section have the right to review the findings of a trial court sitting without a jury. However, where the evidence is

heard orally by the trial judge, his findings have the weight of a jury verdict and will not be disturbed on appeal unless palpably wrong, unjust or contrary to the great weight of the evidence. Kelly v. State, 273 Ala. 240, 139 So.2d 326; Cooper v. State, 33 Ala.App. 407, 34 So.2d 188. In Norille v. State (1901), 131 Ala. 35, 31 So. 19, the Supreme Court of Alabama held that where a criminal case is tried by a court without a jury and there is no agreed statement of facts or any special finding of the facts by the judge, and no request for such finding, the conclusions of the judge upon the facts stand as a verdict of the jury and will not be revised on appeal.

The court becomes the trier and finder of the facts from the evidence. He then becomes the sole and exclusive judge of the evidence, of its weight and sufficiency and he is the sole and exclusive judge of the credibility of the witnesses. It is he—not us—who had the opportunity to see the appearance and demeanor of the witnesses.

As to the claim of error that a witness has testified falsely, the court as the trier and finder of the facts from the evidence also determines the credibility of the witnesses, if he should determine that a witness has wilfully testified falsely to a material matter an important issue in the case, he may refuse to believe all or any part of the witnesses' testimony, in his discretion.

The finding of fact by the court without a jury will not be revised or reviewed on appeal unless contrary to the great weight of the evidence. Brence v. State, 28 Ala. App. 459, 186 So. 785; Thornhill v. Gulf Coast Produce Exchange, 219 Ala. 251, 121 So. 912; McGuire v. State, 19 Ala.App. 138, 95 So. 565 (1923); Evans v. State, 36 Ala.App. 145, 53 So.2d 764.

The rule in Alabama was succinctly reiterated in Summers v. Dobbins, 31 Ala.App. 523, 19 So.2d 93: "When the evidence is ore tenus, or partly so, and the trial court has the advantage of seeing and hearing the witnesses, this court will not disturb the conclusions, unless it is plainly and palpably contrary to the weight of the evidence." McGuire v. State, supra; Thompson v. Collier, 170 Ala. 469, 54 So. 493; Simpson v. Golden, 114 Ala. 336, 21 So. 990.

We have reviewed the record in accordance with Title 15, Section 389, Code of Alabama 1940, Recompiled 1958, and find no reversible error. The judgments of conviction in both cases, therefore, are due to be affirmed.

The foregoing opinion was prepared by Honorable JOSEPH J. JASPER, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended; the Court has adopted his opinion as its own.

The judgments below are hereby

Affirmed.

All the Judges concur.