310 So.2d 257

**Connie GORDON, alias**

v.

**STATE.**

**I Div. 516.**

Court of Criminal Appeals of Alabama.

March 18, 1975.

Ian F. Gaston, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Rosa Hamlett, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant appeals here from a judgment of the circuit court wherein he was tried as a youthful offender following an indictment on the charge of burglary in the first degree. He plead not guilty. The trial court, hearing the evidence ore tenus and without aid of the jury, adjudged the defendant guilty and sentenced him to twenty-seven months in the custody of the Director of the Department of Corrections. Section 266(1)(4), Volume 5, Tit. 15, Recompiled Code 1958, 1973 cumulative supplement; 1971 Third Extra Session, Act 335, page 4623, approved February 10, 1973.

Appellant was represented at nisi prius by employed counsel, and here by appointed counsel, after judicial determination by the trial court that he was an indigent and entitled to a free transcript and appointment of counsel.

It appears from the evidence, which we have reviewed, that Gertrude Brannon, whose home was burglarized during the nighttime and during her occupancy with minor children, identified the defendant while he was in custody of the Mobile Police and also at his nisi prius trial. She testified that the intrusion into her home

**538**

was made by cutting and removing the screen on a window; that the defendant was present in her room about 2:30 A.M.; that her electric light was burning in the hall and shone brightly in her room, wherein the dress and physical features of the defendant were apparent to her and clearly revealed. She described the dress and ornaments that he wore. She called the police after the defendant had retreated from her home.

It appears that the defendant was arrested by officers at the General Hospital in Mobile after the officers were alerted with respect to the burglary and given a description of the alleged burglar. The defendant had gone to the hospital, some four or five miles from the burglarized home, to receive emergency treatment for a gunshot wound, which he received from an unknown source about one and a half blocks from the scene of the burglary. The wound was received soon after the time of the alleged burglary. The arresting officer took the defendant in a police car and stopped near the home of Mrs. Brannon. Mrs. Brannon came to the police car, and without suggestions from the police officers, identified the defendant as the burglar. During the progress of the trial she again identified the defendant.

It further appears that the defendant at the trial denied he committed the alleged offense and testified to an alibi, which was supported by his father and another witness.

We think the evidence, conflicting in some descriptive details, was an issue for the trial court to decide. We note here there was no agreed statement of the facts, nor was there any special finding of facts by the judge. There was no request for such findings.

The conclusion of the trial judge upon the facts is tantamount to a jury verdict and will not be revised on appeal unless palpably wrong. Stephens v. State, 50

Ala.App. 244, 278 So.2d 245; Kelly v. State, 273 Ala. 240, 139 So.2d 326(5). We are not convinced that the judgment is palpably wrong or unjust. Kelly v. State, supra; Norille v. State, 131 Ala. 35, 31 So. 19.

We are unwilling to disturb the verdict of the trial court. The judgment of the trial court is affirmed.

The foregoing opinion was prepared by the Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.