Billy Wayne GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 50526.

Court of Criminal Appeals of Texas.

Feb. 11, 1976.

Mike McCollum, Dallas, court appointed on appeal, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm and Paul Macaluso, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is attempted burglary; punishment, 10 years.

In his first two grounds of error, the appellant contends that the indictment is fundamentally defective in that it failed to allege the act which constitutes an attempt and failed to allege sufficient information upon which to prepare a defense.

The questioned portion of the indictment alleges that the appellant did then and there unlawfully:

"intentionally and knowingly and without the effective consent of Clyde E. Cumbie, hereinafter called complainant, the owner thereof, attempt to enter a building not then and there open to the public, and with intent to commit theft, to-wit: with intent then and there to unlawfully exercise control over the personal property of complainant, without the effective consent of complainant, the owner of said property, and with intent to deprive complainant of said property."

There was no motion to quash the indictment. The function of a motion to quash is to call the trial court's attention to a defect in the indictment that is not obvious on its face.

While the better practice would be to allege the act constituting the attempt, we do not conclude that the omission is fundamental error to require reversal in absence of a motion to quash. To the extent *Fonville v. State,* Tex.Cr.App., 62 S.W. 573 is in conflict, the same is overruled. Nor do we find that the failure to allege the act deprived the appellant of the opportunity to prepare a defense. *American Plant Food Corporation v. State,* Tex.Cr.App., 508 S.W.2d 598.

In his third ground of error, appellant contends that he should have been given his requested charge on circumstantial evidence as to the issue of intent. When the intent of the actor is the only element not proved by direct evidence, a charge on

circumstantial evidence is not necessary. *Davis v. State,* Tex.Cr.App., 516 S.W.2d 157; *Sloan v. State,* Tex.Cr.App., 515 S.W.2d 913.

■ Appellant in his final ground of error contends his evidence raised the lesser included offense of criminal mischief and that it was error for the court not to include it in the charge. There was no specially requested charge, nor was there any objection to the charge; therefore nothing is presented for review. *Hoffman v. State,* Tex.Cr.App., 514 S.W.2d 248; cf. *Terry v. State,* Tex.Cr.App., 517 S.W.2d 554.

The judgment is affirmed.

ONION, Presiding Judge (dissenting).

This is an appeal from a conviction for attempted burglary, wherein the punishment was assessed at ten (10) years by the jury.[1]

At the outset appellant complains the indictment is fatally defective in that it fails to allege a substantial element of the offense charged. The indictment, omitting the formal parts, alleges that the appellant "on or about the 28 day of August in the year of our Lord One Thousand Nine Hundred and 74 in the County and State aforesaid, did then and there unlawfully intentionally and knowingly and without the effective consent of Clyde E. Cumbie, hereinafter called complainant, the owner thereof, attempt to enter a building not then and there open to the public, and with intent to commit theft, to-wit: with intent then and there to unlawfully exercise control over the personal property of complainant, without the effective consent of complainant, the owner of said property, and with intent to deprive complainant of said property."

Appellant relies upon the provisions of V.T.C.A., Penal Code, Sec. 15.01(a) (Criminal Attempt), which reads:

"(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

Under this statute the elements necessary to establish an offense are: (1) a person (an actor), (2) with specific intent to commit an offense, (3) does an act (amounting to more than mere preparation), (4) that tends, but fails, to effect the commission of the offense intended. See 1 Branch's Ann.P.C., 3rd ed., p. 634.

Appellant argues that under the former Penal Code there were such specific attempt crimes as attempted abortion, attempted arson, attempted burglary, attempted rape, etc., and that the foregoing section replaces all these type statutes and provides a general attempt statute under which the attempt to commit any offense is an offense.[2] He further urges that to be guilty of an attempted burglary under the new Code the actor (accused) must have a specific intent to commit a burglary and he must do an act, amounting to more than mere preparation, that tends, but fails, to effect the commission of the intended offense. He contends the act involved must be alleged and that to merely allege "an attempt" only states a conclusion.

1. Under V.T.C.A., Penal Code, Sec. 15.01(c), the punishment for an offense under such section is one category lower than the offense "attempted . . . " at least where the offense attempted is above a felony of the third degree. Under Section 30.02 of the new Penal Code, burglary generally under such section is a felony of the second degree (see, however, Subsection (d) thereof). V.T.C.A., Penal Code, Sec. 12.34 (Third Degree Felony punishment) provides:

"(a) An individual adjudged guilty of a felony of the third degree shall be pun-

ished by confinement in the Texas Department of Corrections for any term of not more than 10 years or less than 2 years.

"(b) In addition to imprisonment, an individual adjudged guilty of a felony of the third degree may be punished by a fine not to exceed $5,000."

2. In connection with an attempted burglary charge the general attempt statute should be read with V.T.C.A., Penal Code, Sec. 30.02.

Under the former statute, Article 1402, Vernon's Ann.P.C., 1925,[3] and its predecessors, it was well established that an indictment for attempted burglary was *fundamentally* defective if it failed to allege the acts of the accused which showed his intent to commit the burglary but simply alleged the attempt as a conclusion. 10 Tex.Jur.2d, Burglary, Sec. 9, p. 170; Sec. 38, p. 194, 4 Branch's Ann.P.C., Sec. 2549, p. 883.

In 12 C.J.S. Burglary § 43, p. 708, it is stated:

> "An indictment for an attempt to commit burglary must not only allege the attempt and the intent, but also the overt acts relied on as constituting the attempt." *Ligon v. State,* 25 Ga.App. 306, 103 S.E. 189, and *Cooper v. State,* 33 Ala.App. 407, 34 So.2d 188, are cited in the support of the foregoing statement. See also Wharton's Criminal Procedure, 12 ed., Vol. 2 (Indictment and Information), p. 286.

In *Fonville v. State,* 62 S.W. 573 (Tex.Cr. App.1901), it was held that an attempted burglary indictment must state fully what the defendant did in the attempt to commit burglary and not merely state a conclusion so that it will appear to the court from the allegations that what the defendant did would constitute an attempt to commit burglary. The court noted in *Fonville* that the motion in arrest of judgment should have been granted as the indictment did not put the defendant on notice of the act or acts

relied upon by the prosecution as indicating or constituting an attempt to commit burglary.[4] There was no motion to quash the indictment in *Fonville.*

In *Taubert v. State,* 146 Tex.Cr.R. 582, 176 S.W.2d 955 (1944), it was pointed out that an indictment or information should charge acts or omissions thought to constitute the offense with sufficient particularity to advise the accused of the specific acts of misconduct charged, and a mere statement or conclusion is insufficient.

In *Jones v. State,* 53 Tex.Cr.R. 470, 110 S.W. 748 (1908), it was held that the act of the defendant in trying to break in the house was sufficiently alleged by an allegation that the attempt was "by attempting by force to raise a window in said house." See also *Curry v. State,* 122 Tex.Cr.R. 218, 54 S.W.2d 89 (1932); *Freeman v. State,* 146 Tex.Cr.R. 236, 172 S.W.2d 309 (1943).[5]

I conclude that the holding in *Fonville v. State,* supra, is applicable to the new statute [V.T.C.A., Penal Code, Sec. 15.01(a)], and that an indictment for attempted burglary is fundamentally defective where the attempt is only stated as a conclusion and it is not alleged what the defendant did in the attempt to commit burglary.[6] When an essential part of the elements of the offense involves an act, amounting to more than mere preparation, that tends, but fails, to effect the commission of the offense intended, then that act should be alleged. While the instant indictment alleged the intent,

---

3. Article 1402, supra, reads:
   "An 'attempt' is an endeavor to accomplish the crime of burglary carried beyond mere preparation, but falling short of the ultimate design in any part of it. Whoever shall attempt to commit burglary shall be confined in the penitentiary not less than two nor more than four years."

4. The second count of the indictment in *Fonville* upon which conviction was had and which was held insufficient charged the defendant "did, at night, . . . by force, threats, and fraud, attempt to break and enter a house there situate, and occupied by Mrs. Annie McBride, without the consent of the said Mrs. Annie McBride, and with the intent then and there, by force, threats, and fraud, to have carnal knowledge of said Mrs.

Annie McBride, a woman then and there being in said house, without the consent of the said Mrs. Annie McBride," etc.

5. *Freeman v. State,* supra, was overruled in *Hill v. State,* 521 S.W.2d 253, 255 (Tex.Cr. App.1975), only to the extent that it held that proof of a consummated burglary would not support a conviction for attempted burglary. See now also V.T.C.A., Penal Code, Sec. 15.01(b), to the same effect.

6. The suggested indictment form for attempted burglary in 1 Branch's Ann.Penal Statutes, 3rd ed., p. 635, follows such rule for alleged violation of V.T.C.A., Penal Code, Sec. 15.01(a), but the form is no model for pleading.

the attempt was alleged only as a conclusion and the overt acts relied upon as constituting attempt were not alleged.

For the reasons stated, I would find that the indictment in the instant case is fundamentally defective and reverse the judgment and order the prosecution under this indictment dismissed.

The majority overrules *Fonville v. State,* supra, without any discussion whatsoever of the well established rule for indictments in attempted burglary cases or how the new Penal Code would call for a new and different result, merely stating that the defect in the indictment was not obvious on its face. The attempt is alleged in the indictment only as a conclusion and until today at least this was considered a fundamental defect. *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974), cited by the majority, made clear, however, that if the indictment does not allege an offense, any conviction based thereon is void. Since the indictment would be fundamentally defective under all previous holdings, it seems the bench and bar are entitled to more than the majority opinion has given them.

I dissent.