(88 South. 49)

PETERSON v. STATE.   (4 Div. 619.)

(Court of Appeals of Alabama.   Feb. 15, 1921.)

1. CRIMINAL LAW ⊂⇒995(5)—JUDGMENT HELD SUFFICIENT.

In a prosecution for violation of the prohibition laws, a judgment entry reciting that it is ordered and adjudged by the court that defendant is guilty and a fine assessed against him of $100, with costs, and that upon failure to pay or confess the fine and cost he is formally sentenced to hard labor for the county for 30 days to pay the fine, 76 days to pay the cost, and also sentenced for 30 days as an additional sentence, is sufficient.

2. CRIMINAL LAW ⊂⇒260(11)—TRIAL JUDGE'S FINDING IS TREATED LIKE VERDICT.

Where the testimony was taken ore tenus, the court's finding is treated like the verdict of a jury, and will not be disturbed unless plainly contrary to the weight of the evidence; and this rule applies, notwithstanding Acts 1915, p. 939, providing for the trial of misdemeanors without a jury unless demanded.

Appeal from Circuit Court, Crenshaw County; A. E. Gamble, Judge.

John Peterson was convicted of violating the prohibition law, and he appeals. Affirmed.

The evidence tended to show that on a Sunday morning two of the witnesses went to the home of the defendant, and, while one remained on the outside, the other went in and purchased a half pint of rum. The defendant's evidence tended to contradict this.

Frank B. Bricken, of Luverne, for appellant.

The judgment was not sufficient. 123 Ala. 48, 26 South. 512; 12 Ala. App. 230, 67 South. 719. The evidence was not sufficient to support the verdict, and this court should so declare. Acts 1915, p. 940.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The judgment entry was sufficient. 11 Ala. App. 305, 66 South. 875; 85 South. 832; ante, p. 333, 84 South. 878. The evidence was sufficient to support the verdict, and it will not be disturbed. Ante, p. 12, 81 South. 348.

MERRITT, J. [1] The appellant was tried by the court, without the intervention of a jury, for a violation of the prohibition laws, and was convicted. The judgment entry recites that it is "ordered and adjudged by the court that the defendant is guilty, and assesses a fine against him of $100, together with the cost." Immediately following this, and as a part of the judgment entry, is the judgment of sentence pronounced by the

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

court, showing that upon the failure of the defendant to pay or confess the fine and cost "he is formally sentenced to hard labor for the county for 30 days to pay the fine, * * * and 76 days to pay the cost. The defendant is also sentenced to hard labor for 30 days as an additional sentence imposed by the court." This judgment was sufficient. Franklin v. State, 11 Ala. App. 305, 66 South. 875; Roberson v. State, 123 Ala. 57, 26 South. 645; Smith v. State, 4 Ala. App. 212, 58 South. 117.

[2] The testimony was taken ore tenus, and the trial court had the opportunity of observing the demeanor of the witnesses, which this court has not. A finding by the court under these circumstances is treated like the verdict of a jury, and the finding will not be disturbed unless plainly contrary to the weight of the evidence. And this rule applies notwithstanding the Act of 1915, p. 939. Maisel v. State, 81 South. 348; [1] Ross v. State, 15 Ala. App. 187, 72 South. 759. There was sufficient evidence upon which to found the judgment of guilt.

There is no error in the record, and the judgment is affirmed.

Affirmed.