(106 So. 55)

## HARRIS v. STATE. (6 Div. 673.)

(Court of Appeals of Alabama. May 19, 1925.
Rehearing Denied June 30, 1925.)

**1. Intoxicating liquors ⬅⬤➡238(1)—Defendant's guilt of possessing prohibited liquors held for jury.**

Evidence *held* to raise question for jury as to defendant's guilt of possessing prohibited liquors.

**2. Intoxicating liquors ⬅⬤➡239(1)—Requested charge held properly refused as patently incorrect.**

In prosecution for possession of prohibited liquors, found in a barn located on land belonging to accused's mother, it appearing that accused's residence was about 30 yards from that of his mother, and that accused's dwelling house was 300 yards away from the barn, requested charge, that, if the liquor was seized from barn of the mother and the latter resided on separate property from that of accused, and that, at the time of seizure of the liquor, accused was working in the field a mile away from the barn, accused was not guilty, *held* properly refused as being patently incorrect.

**3. Intoxicating liquors ⬅⬤➡239(1)—Requested charge held properly refused as being patently incorrect.**

Requested charge that, if accused resided on premises removed from those of his mother, and that accused had on his premises a barn separate and distinct from the barn where the liquor was found, accused was not guilty, *held* properly refused as being patently incorrect.

**4. Intoxicating liquors ⬅⬤➡239(1)—Requested charge held properly refused as being patently incorrect.**

Requested charge that it was for the jury to determine whether the liquor was the property of accused or whether he had such dominion or control over it as to constitute possession, and that, if jury did not believe beyond reasonable doubt that accused was in possession of the premises on which the liquor was found, or that accused did not have dominion over such premises, accused could not be found guilty, *held* properly refused as being patently incorrect.

Appeal from Circuit Court, Tuscaloosa County; John McKinley, Judge.

Oscar Harris was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Harris, 213 Ala. 699, 106 So. 56.

These charges were refused to the defendant:

"(4) I charge you, gentlemen of the jury, that, if you believe from the evidence that the liquor introduced in evidence was seized from the crib or cotton house of Mrs. J. R. Harris, and that Mrs. J. R. Harris resided on separate premises from Oscar Harris, the defendant, and that at the time of the seizure of the liquor, Oscar Harris was at work in his field about three quarters of a mile to a mile, you will find the defendant, Oscar Harris, not guilty."

"(5) I charge you, gentlemen of the jury, that, if you believe from the evidence that Oscar Harris resided on premises removed from the premises of Mrs. J. R. Harris, who is shown to be the mother of Oscar Harris, from 100 yards to 300 yards, and that Oscar Harris had on his premises a barn separate and distinct from the barn of his mother, where the liquor is alleged to have been found and seized, then you will find the defendant, Oscar Harris, not guilty."

"(6) I charge you, gentlemen of the jury, that it rests upon you to determine, from all the circumstances detailed by the witnesses, whether, beyond a reasonable doubt, the liquor in this case was the property of defendant, Oscar Harris, or whether defendant, Oscar Harris, had such dominion or control over the liquor as to constitute possession. If you do not believe beyond a reasonable doubt that the defendant, Oscar Harris, was in possession of the premises on which the liquor was found, or that defendant, Oscar Harris, did have dominion over said premises, then you cannot find defendant, Oscar Harris, guilty as charged."

William M. Adams, of Tuscaloosa, for appellant.

Defendant was entitled to the affirmative charge, and its refusal was error. Pitts v. State, 19 Ala. App. 559, 99 So. 51; Biddle v. State, 19 Ala. App. 563, 99 So. 59; Harbin v. State, 19 Ala. App. 623, 99 So. 740; Dawkins v. State, 19 Ala. App. 501, 98 So. 492.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

RICE, J. The prosecution against this appellant, defendant in the court below, originated in the county court of Tuscaloosa county; the charge being a violation of the prohibition law by having in his possession prohibited liquors. From a judgment of conviction in the circuit court, this appeal was taken.

[1] The evidence for the state, briefly narrated, is: Several officers went to the home of defendant, and while he was away in his field; that defendant's residence was about 30 yards from that of his mother; that a barn or crib near the home premises of defendant was searched by breaking open the door to same, and that inside were found 7 gallons of whisky, in two jugs and two charred kegs, one of which smelled like whisky; that the barn in which the liquor was found is located upon the home property of defendant's mother, who was not at home at the time; that defendant's dwelling house was 75 to 300 yards (on a separate property) from the barn in which the liquor was found; that the officers went to the field one mile away where defendant was at work and

told him they had found some whisky in his barn, and inquired of him if he had the key to the said barn; that he replied that he had; that defendant said the two charred kegs which were also found were his.

The defendant denied any connection with the whisky; denied having, or telling the officers he had, the key to the barn in which the whisky was found; denied, in fact, everything contained in the charge.

Under our law as it has grown up during the last few years we must hold that the evidence made a case for a jury's decision, and that the trial court properly refused the general affirmative charge requested by defendant, and likewise properly overruled his motion to set aside the verdict.

[2-4] Charges 4, 5, and 6, refused to defendant, in view of what we have said above, were patently incorrect, and were properly refused.

There being no prejudicial error in the record, let the judgment be affirmed.

Affirmed.