140 So. 453

**SHATTAH v. JOHN F. CLARK & CO.**

3 Div. 699.

Court of Appeals of Alabama.
Oct. 6, 1931.

Rehearing Denied Nov. 10, 1931.

John A. Yung, of Montgomery, for appellant.

Ball & Ball, of Montgomery, for appellee.

**2**

SAMFORD, J.

■■ The trial in this case was had before the court sitting without a jury. The basis of the suit is a claim for the purchase price of 30 shares "Cities Service," which plaintiff, acting as broker for defendant, purchased for him at his request, "at the market," which was at the time of purchase $44.50 per share. The evidence for plaintiff tended to prove that on October 31, 1929, defendant came into plaintiff's place of business, and, on being introduced by Mr. Franco, placed an order with plaintiff for 30 shares Cities Service stock "At the Market"; that speedily, and on the same day, plaintiff executed the order by purchasing the stock for the account of defendant at $44.50 per share; that that same night plaintiff notified defendant over the phone of the purchase and the price, and defendant at that time replied: "You paid too much, you have to give it to somebody else"; that plaintiff paid for and carried the stock for several days, and then sold it at $24.87½ per share, and applied the amount as a credit to the account, making a loss to plaintiff of the difference between 44½ and 24⅝ and commissions, aggregating $614.77. Defendant's evidence was in conflict with the foregoing, and tended to prove that he had given an "open order" to buy at $32 per share, and that he had never given an order to buy "At the Market." These were questions for the court, on evidence taken ore tenus. His findings are to be treated as findings of a jury and will not be disturbed, unless plainly contrary to the weight of the evidence. Peterson v. State, 17 Ala. App. 662, 88 So. 49; McMahen & Sons. v. L. & N. R. R., 21 Ala. App. 66, 106 So. 56; Ex parte McMahen & Sons, 213 Ala. 642, 106 So. 57.

There are no special pleas filed in the case, the defendant contenting himself with a plea of the general issue, which presents the questions: Did the defendant make a contract with plaintiff; was that contract breached by defendant; the damages by reason of the breach?

As to whether the contract was made, as we have already seen, that was a question upon which the evidence was in conflict and the trial judge, having all the parties and witnesses before him, found for the plaintiff. This finding, being the same as that of a jury, will not be disturbed.

■ Was the contract breached by defendant? There can be no doubt of this. According to the testimony of defendant, when plaintiff notified him of the purchase of the stock at $44.50 a share defendant refused to take it and pay for it. If the contract was made (and the trial judge so held), when defendant failed to accept and pay for the stock the contract was breached, and defendant became indebted to plaintiff for the purchase price, to wit, $44.50 per share, and, in the absence of a plea setting up the special defense, the plaintiff was under no obligation to prevent a loss, either by making advances or by closing the transaction by a sale. 9 Corpus Juris 546 (49).

■ The plaintiff did, however, some days later sell the stock at $24.87½ per share, which was the market price at that time, giving defendant credit for the proceeds of such sale on his account. This fixed the damages occasioned by the breach at the difference between $44.50 and $24.87½ per share, which, according to calculation, makes a balance due on the account sued on of $588.75, and which, together with interest to the time of trial, is $626. There is no evidence of a contract to pay commissions, or of the reasonable value of commissions in such transactions as are here involved.

Under the powers conferred on this court by statute, a judgment will here be rendered affirming the judgment of the trial court as to its findings for the plaintiff, and a judgment will here be rendered for the plaintiff for $626 and interest from October 9, 1930. The judgment is corrected and affirmed.

Affirmed.