141 So. 718

## HENSON v. STATE.

### 6 Div. 260.

Court of Appeals of Alabama.

May 10, 1932.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

■ The evidence for the state tends to show that the officers raided the home of this defendant and found defendant in his room on the bed, and a pint bottle, containing about a spoonful of whisky, sitting on the floor of defendant's room near the door. How the officers knew this teaspoonful of liquid in the bottle was whisky does not appear. Defendant admits having had possession of the bottle, but claims it was given to him as an empty bottle, and he brought it home and set it on the floor where the officers found it. About 200 yards from defendant's house and in his pasture the officers found a two-gallon jug containing whisky, covered up with some pine tops. There was no evidence tending to connect defendant with this jug, other than the fact that it was found in his pasture. Before a defendant can be convicted of the unlawful possession of whisky, there must be some evidence of a guilty scienter; that is, he must know that he possesses prohibited liquor. As to the possession of the jug, there is no evidence that the defendant had any sort of knowledge of its existence. This seems to have been recognized on the trial, and the prosecution proceeded on the theory that, the defendant having had possession of the pint bottle in which there was a teaspoonful of whisky, he would be guilty of a technical violation of the prohibition law.

■■ The prohibition laws are upheld as police regulations affecting the morals, health, and well-being of the citizen, and for that reason these laws are held not to be in violation of sections 1 and 35 of the Declaration of Rights, Const. 1901, §§ 1 and 35; Sheppard v. Dowling, 127 Ala. 1, 28 So. 791, 85 Am. St. Rep. 68; Southern Exp. Co. v. Whittle, 194 Ala. 406, 69 So. 652, L. R. A. 1916C, 278. It would therefore seem to be inconceivable that

the Legislature intended the prohibition laws to apply to the possession of a teaspoonful of whisky when that quantity could not in any manner affect the morals, health, or well-being of any person or persons. In Harbin v. State (Ex parte Attorney General, etc.), 210 Ala. 55, 97 So. 426, it was held that: "The possession prohibited includes any possession by manucaption or physical dominion, of however brief duration, and in whatever capacity the possession may be held, if it be for the use, benefit, or enjoyment of himself or any other person." This decision relates to the character of the possession and not to the quantity. In Lyles v. State, 18 Ala. App. 62, 88 So. 375, this court held it unlawful to possess prohibited liquor "in any quantity whatsoever," and following that case we held in Beck v. State, 23 Ala. App. 398, 126 So. 182: "Under our decisions the quantity is immaterial." These decisions and others of like tenor were based upon the possession of an appreciable quantity of whisky. It was never intended by the Legislature to make the possession of a teaspoonful of whisky a violation of the law. But in the absence of a request for the affirmative charge or a motion for a new trial there is no error in the rulings of the court upon which to base a reversal. The power for relief now lies elsewhere.

■ The verdict of the jury was: "We the jury find the defendant guilty." On this verdict the court proceeded to sentence the defendant to 20 days at hard labor to pay a fine of $50 and 178 days to pay the costs. That part of the sentence fixing a punishment of 20 days to pay the fine is error. The judgment of conviction is affirmed, and the cause is remanded for proper sentence.

Affirmed and remanded.