169 So. 24

## MURPHY v. STATE.

### 8 Div. 284.

Court of Appeals of Alabama.

May 19, 1936.

Rehearing Stricken June 16, 1936.

Raymond Murphy, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

RICE, Judge.

The state's testimony was to the effect that appellant had a bottle containing about a half pint of whisky in it, and that he gave to one of the state's witnesses a drink of this whisky. This testimony made out, if believed beyond a reasonable doubt by the jury, the offense charged against appellant, to wit, illegally having in possession prohibited liquor. Code 1923, § 4621. The "quantity" of whisky, as well as the "quality," was immaterial.

Not that we see that it has any bearing on the issue litigated in the trial of this case, but because appellant's industrious counsel urges it as an authority supporting his argument for error on the part of the trial court in overruling appellant's motion to set aside the verdict of the jury, perhaps we ought to here say that we think the statement in the opinion in the case of Henson v. State, 25 Ala. App. 118, 141 So. 718, that "it was never intended by the Legislature to make the possession of a teaspoonful of whisky a violation of the law," was incorrect when made, and should now be repudiated. As we read the Code section above herein cited, as well as the cases cited in the opinion in this Henson Case, the Legislature intended to make the possession (of course illegally) of whisky "in any quantity whatsoever" a violation of the law.

We have carefully examined the record, including the bill of exceptions, as well as the brief filed here on behalf of appellant, but there is really nothing apparent worthy of discussion.

The exceptions reserved on the taking of testimony are each, patently, without merit.

We have shown, hereinabove, that the general affirmative charge could not have been given in appellant's behalf. We have no discretion. The judgment must be affirmed, and it is so ordered.

Affirmed.