minated, it may still be shown as bearing on his bias or prejudice."

Mr. Underhill, in his most excellent work, Underhill's Criminal Evidence (4th Ed.) § 437, says: "The bias of a witness and his interest in the event of the prosecution are not collateral, and may always be proved to enable the jury to estimate his credibility." And he further says: "Under modern rules, the possession of a pecuniary interest in the outcome of an action may always be shown, even in a criminal proceeding, as a fact from which the jury may infer that the witness is biased."

To prolong this discussion is unnecessary. The rulings of the court complained of and hereinabove considered were error in each instance, necessitating a reversal of the judgment of conviction from which this appeal was taken.

Reversed and remanded.

bottle in possession of defendant was of such small quantity as to come within the rule as declared by this court in Henson v. State, 25 Ala.App. 118, 141 So. 718. Such contention is not sustained by the facts in this case. While it is true the evidence discloses only a spoonful of liquor in the bottle at the time it was seized by the officer, there was evidence from which the jury could conclude that immediately before the bottle had contained much more and that defendant was pouring the whisky out in order to destroy the evidence of the crime.

This comes, rather, under the influence of Beck v. State, 23 Ala.App. 398, 126 So. 182.

There is no error in the record and the judgment is affirmed.

Affirmed.

169 So. 20

## SHAW v. STATE.

### 8 Div. 340.

Court of Appeals of Alabama.

June 9, 1936.

Henry D. Jones, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The only insistence made by appellant is that the amount of whisky found in the

168 So. 900

## REID v. WALLACE.

### 6 Div. 26.

Court of Appeals of Alabama.

June 9, 1936.

