200 So. 571

## WINCHESTER v. STATE.

### 8 Div. 25.

Court of Appeals of Alabama.

Dec. 17, 1940.

Rehearing Stricken Jan. 21, 1941.

Wm. L. Chenault, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

**SIMPSON, Judge.**

Trial below was before the court without a jury. Appellant was convicted of the unlawful possession of prohibited liquor. The record proper is free of error and the bill of exceptions fails to disclose any ruling of the court on the evidence, prejudicial to the defendant. The sole insistence of learned counsel for appellant is that the evidence was insufficient to warrant the conviction, thereby requiring reversal of the judgment.

The tendency of the State's evidence was: The raid was at the defendant's house. Some others were seated at a table upon which was a drinking glass bearing the odor of whiskey. The two officers saw the defendant take a fruit jar from the table, run to the kitchen with it, and "dash it" in a pan of dish water. Neither of the officers could describe the contents of the fruit jar, except that Officer Kimbrough stated that after the jar was dropped in the dish pan there was still left in it about two or three spoonfuls of wild cat whiskey. There was about one and a half inches of the liquid in the dish pan which smelled strongly of whiskey. It was not analyzed but they knew from its "smell" that it contained a considerable quantity of liquor. One of the officers said at least a quart of whiskey was poured out, "judging from the way the dish pan smelled." This officer also claimed to have had seven years experience as a raiding officer, detecting the presence of whiskey by smell, sight, etc. During the raid the defendant appears to have taken the "window route" in leaving the scene and was apprehended on a later day.

Evidence for the defendant tended to refute the charge. The accused and some of the men in the house when the officers came denied the fact of any liquor being there but claimed the fruit jar had contained butter milk, hence the suspicious odor.

Manifestly, under such a state of facts an acquittal might have been justified. But the trial court was "on the ground", so to speak, familiar with the atmosphere of the trial, saw and heard the witnesses testify, observed their demeanor on the stand, and whether they exhibited any bias as they related the facts. Under these circumstances, after having heard and considered the evidence, that court adjudged the defendant guilty. There was clearly evidence to sustain this conclusion. "Under such circumstances the weight and sufficiency of the evidence were exclusively for the court trying the case." Northington v. State, Ala.App., 200 So. 570.[1] Unless the finding of that court is plainly contrary to the weight of the evidence, the reviewing court should not disturb it. Peterson v. State, 17 Ala.App. 662, 88 So. 49; Maisel v. State, 17 Ala.App. 12, 81 So. 348. So, here, we cannot say that the conclusion of the trial court on the question was "manifestly wrong" or "plainly contrary" to the weight of the evidence.

The case of Henson v. State, 25 Ala.App. 118, 141 So. 718, cited by appellant's energetic and learned counsel, is no longer authority for holding that possession of a teaspoonful of whiskey is not a violation of law. This case has been overruled, the correct principle of law having been stated in Murphy v. State, 27 Ala. App. 204, 169 So. 24. The quantity of the prohibited liquors possessed is immaterial. Possession of such liquors, in any quantity, is a violation of law.

The foregoing sufficiently indicates our opinion that the judgment below must be affirmed.

Affirmed.