29 So.2d 346

## PRIDE v. STATE.

### 8 Div. 554.

Court of Appeals of Alabama.

Feb. 25, 1947.

Russell W. Lynne, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was convicted of the unlawful possession of prohibited liquors. The trial below was before the court without a jury.

We take the tendencies of the evidence from the brief of the Assistant Attorney General:

"On April 6, 1946, a search warrant was issued authorizing any sheriff of Morgan County to search the premises of defendant, Alex Pride, a colored man, who resided on Courtland Road five miles distant from Decatur, Alabama. First Deputy Sheriff, James Dunlap, accompanied by two investigators for the Alcoholic Beverage Control Board and three other deputies visited defendant's home. Entering the kitchen they found defendant with negro girls and other negro men seated at an oblong table. A glass containing about one-half pint of whiskey was on the table and a jug containing a small quantity of whiskey and several bottles having the odor of whiskey were found about the room. In a garden adjacent to the house the officers found two sacks full of unopened pints, quarts, and one-fifth whiskey bottles. A barrel pump was also found at the kitchen door which smelled of the odor of whiskey. The whiskey in the glass was identified by officers as being 'corn whiskey.' Likewise drainings in bottles were 'corn whiskey.' Empty, labeled beer bottles were also discovered in a corn crib and a four ft. length of garden hose was found at the house.

"Defendant, taking the stand in his own behalf, testified that he had been working early in the fields and had just returned for breakfast. When he was in the house just a few minutes the officers arrived. He knew nothing about the whiskey in his house. He alleged that an unidentified man had left the barrel pump there—that people were always leaving articles at his house. He further stated that the bottles and jugs were all apparently left on the premises by former tenants who had lived there almost three years before.

"Supporting witnesses, Molly Bridgeforth and Ora Lee Pride, daughter and daughter-in-law respectively of defendant, testified in substance that defendant had just come in from the fields when the officers arrived. They alleged that a colored soldier, a cousin, had just previously been by the house, and had left the whiskey in the glass—the soldier leaving after a short length of time. This soldier was thought to now be overseas. They did not know how the whiskey jug got into the house."

The prime question presented by the record revolves around the inquiry of whether or not the evidence is sufficient to sustain the judgment of conviction.

It is a violation of the applicable statute to have in possession prohibited liquor, although the quantity may be small. Wilson v. State, 27 Ala.App. 38, 166 So. 715; Ewing v. State, 18 Ala.App. 166, 90 So. 136; Murphy v. State, 27 Ala.App. 204, 169 So. 24.

The last cited case declared that the holding in Henson v. State, 25 Ala.App. 118, 141 So. 718, is not sound with reference to the amount of liquor involved.

We entertain the view that the judgment of the trial court should not be disturbed. It would not serve any good purpose to enter into a discussion to illustrate our conclusion. Each case bears facts peculiar to itself and different from all others. The following adjudicated cases are somewhat analogous in factual aspects: Key v. State, 22 Ala.App. 627, 118 So. 766; Pate v. State, ante, p. 365, 26 So.2d 214; Winchester v. State, 30 Ala.App. 26, 200 So. 571.

In each of the above cases, this court sustained the judgment of conviction. As indicated, the case at bar was tried without the aid of a jury. The finding of the court, therefore, will be given the same effect as the verdict of a jury. Peterson v. State, 17 Ala.App. 662, 88 So. 49; Ross v. State, 15 Ala.App. 187, 72 So. 759; Gunnells v. State, 21 Ala.App. 648, 111 So. 320.

It is ordered that the judgment of the primary court be affirmed.

Affirmed.