Graham Sullivan, of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State,

CARR, Judge.

The appellant was indicted, tried and convicted by the court below, without a jury, for the unlawful possession of marijuana in violation of Title 22, Secs. 256–258, Code 1940.

The only question presented for our review is whether or not the evidence is sufficiently potent to sustain the adjudication of guilt.

The Assistant Attorney General has delineated the tendencies of the evidence with commendable care and accuracy. We copy the statement from his brief:

"At about 4:00 a. m. o'clock on August 14, 1948, two police officers of the City

40 So.2d 344

## PEREZ v. STATE.

**1 Div. 588.**

Court of Appeals of Alabama.

May 3, 1949.

of Mobile were patrolling the city streets in the vicinity of Halls Mills Road. They saw the appellant cross in front of the patrol car at a distance of about 200 feet. The Ideal Tourist Court was located nearby, there being about 18 individual tourist cabins in this vicinity. The officers saw the appellant go behind a signboard and, when the officers turned the patrol car's spotlight on him, he sprang up from behind the signboard and ran across ground to Cabin No. 12, where a taxicab was parked. As the appellant ran, he was swinging his arms in a running motion. The taxicab was the only automobile the officers saw that night at the Ideal Tourist Court, and the appellant was the only person the officers saw there.

"The officers arrested the appellant and searched him, then carrying him back to the spot behind the signboard where he had crouched down as the spotlight was turned on him. A hat and opened and empty brief case were found behind the signboard, which hat and brief case the appellant claimed as his property. Traversing the route over which the appellant had run, the officers found and recovered, perhaps 20 minutes later and at a distance of about 40 feet from the hat and brief case, 5 packages or bundles of marijuana cigarettes located at different spots and along each side of the route over which the appellant had run. Although the open lane connects the signboard with the cabins, one of the officers testified that the appellant did not run in the lane.

"These 5 packages of marijuana cigarettes contained 25 cigarettes per package and the individual cigarettes were wrapped in brown wrapping paper which had been roughly torn at the ends. The appellant denied all knowledge of or interest in and ownership of these cigarettes. He admitted to the officers that he lived in Cabin No. 12, alleging that he lived there with some unidentified seaman friend. The officer searched Cabin No. 12 and found therein a piece of torn brown wrapping paper which, to them, was similar, if not identical, to that in which the cigarettes were wrapped. They impounded this paper as evidence and transmitted it and the cigarettes to the State Toxicologist. The State Toxicologist testified that the cigarettes in question were marijuana cigarettes and that he had examined microscopically the paper in which they were wrapped and the paper found in Cabin No. 12. He testified that the paper in which the cigarettes were wrapped and the paper found in the cabin, respectively, were of the same composition and structure and that 'the tare (sic) fits visibly.' He expressed his expert opinion that the paper in which the cigarettes were wrapped had been torn from the larger piece of paper found in Cabin No. 12."

The accused did not testify nor offer any evidence in his behalf.

■ In responding to the question for review we must adhere to the familiar doctrine applicable to trial of causes by the court without the aid of a jury. Peterson v. State, 17 Ala.App. 662, 88 So. 49; Winchester v. State, 30 Ala.App. 26, 200 So. 571.

■ It is clearly apparent that the State relied on circumstantial evidence for a conviction. However, as Chief Justice Gardner observed in the case of DeSilvey v. State, 245 Ala. 163, 16 So.2d 183, 186, "A well connected train of circumstances may be as cogent of the existence of a fact as any array of direct evidence."

We cannot see that it would be in any manner beneficial to attempt to collate the recited evidence to the rules with which we are concerned.

■ It is our considered conclusion that the judgment of the trial judge should not be disturbed.

The judgment below is ordered affirmed.

Affirmed.