118 So.2d 291

**Clet DAVIS**

v.

**STATE.**

**8 Div. 670.**

Court of Appeals of Alabama.

Feb. 23, 1960.

Pounders & Wilson, Florence, for appel-lant.

## 586

` MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the unlawful possession of illegal liquors. The trial was by the court without a jury.

The tendency of the state's evidence was that officers, acting under a search warrant, found, among several empty bottles and jugs, a pint bottle containing "white whiskey" in defendant's smokehouse. The quantity of liquid in the bottle was described by one officer as from one teaspoon to one tablespoon and by another as two tablespoons. The bottle was introduced in evidence.

The officers found a five-gallon jug almost full of "wildcat whiskey," buried in honeysuckle vines, across the road in front of defendant's home.

The defendant was at home when the search was made. The officers stated he was the only person there when they arrived. The defendant testified he was looking at television and that his wife, his nephew and his nephew's wife were present. The defendant stated he knew nothing about the whiskey across the road, that he did not put the bottle in the smokehouse; that, "The kids could have toted it there."

Considerable testimony was introduced concerning paths leading from defendant's house to where the five-gallon jug was found. The defendant testified he owned the land in front of his house, and "I got some land in there about a quarter of a mile."

It is insisted that the testimony relating to the five gallons of whiskey falls within the " 'beaten path' doctrine," and fails to meet the requirements necessary to justify a conviction, citing and relying on Parker v. State,[1] 112 So.2d 493, 496, certiorari denied, 269 Ala. 699, 112 So.2d 496. A diagram was used by some of the witnesses in referring to the paths, the location of a fish pond, the direction and distance of a neighbor's fence from the whiskey. This diagram was not introduced in evidence and is not before us. Where there is evidence before the trial court which is not before us, we cannot review the court's action in rendering judgment, nor its action in denying the motion for a new trial on the ground of the insufficiency of the evidence to sustain the verdict. Phelps v. State, 33 Ala.App. 89, 30 So.2d 38; York v. State, 34 Ala.App. 188, 39 So.2d 694; Senn v. State, 35 Ala.App. 62, 43 So.2d 540; Richardson v. State, 37 Ala.App. 194, 65 So.2d 715.

But pretermitting consideration of the evidence concerning the five gallons of whiskey, we also have before us the testimony relative to the whiskey found in the smokehouse. "The quantity of the prohibited liquors possessed is immaterial. Possession of such liquors, in any quantity, is a violation of law." Winchester v. State, 30 Ala.App. 26, 200 So. 571, 572. See also Murphy v. State, 27 Ala.App. 204, 169 So. 24; Pride v. State, 32 Ala.App. 639, 29 So.2d 346.

We are of the opinion the evidence sufficiently established defendant's possession and guilty knowledge or scienter to sustain the conviction. See Grimes v. State, 38 Ala.App. 94, 76 So.2d 684, and the cases there reviewed.

Affirmed.

1. Ante, p. 244.