224 So.2d 922

**Betty Lou JONES**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 400.**

Court of Appeals of Alabama.

April 22, 1969.

Rehearing Denied May 20, 1969.

Arthur Parker, J. Louis Wilkinson, and Jack Montgomery, Birmingham, for appellant.

William C. Walker, Birmingham, for appellee.

CATES, Judge.

Appeal from a nonjury conviction of a breach of a Birmingham ordinance. The City charged that Betty Lou Jones "on to-wit: December 3, 1967 * * * at to-wit: The Blue Note Lounge, 2222 5th Avenue, North, did participate in an indecent performance in that the defendant did while performing, take off all her clothes from the waist up or did take off all her clothes from the waist up except for flesh colored pasties; and did perform upon a couch covered with a material colored like a tiger skin and having connected to same an object that looked like a tiger tail which was in close proximity to defendant's genitals at its base and which was extended upward between defendant's legs and which defendant held in her hand and rubbed or stroked while holding same; and did while performing move or rotate her hips; and did while performing with her clothes removed from the waist up as aforesaid shake her breasts in the face of a male customer contrary to and in violation of Section 6–40 of the General City Code of Birmingham of 1964." [1]

The City's proof comported substantially with the accusation set out above.

Ecdysiast performances have come before other courts in considerable variety. Perhaps In re Giannini, Cal., 72 Cal.Rptr. 655, 446 P.2d 535, is the most recent.

■ We consider the minority opinion in the *Giannini* case as the more persuasive. Accordingly, we hold there was no error in rejecting expert testimony as to community standards of where the prurient overwhelms legitimate thespian or terpsichorean content in the performance.

■ The "community standard" is to be measured by the area from which the jury venire would be drawn, if a jury trial were

1. The ordinance reads: "It shall be unlawful for any person to publicly engage or participate in, or be connected with, any indecent, obscene, lewd, filthy, vulgar or lascivious scene, act, posture or performance, or for any person in charge or control of any building or premises to permit or allow the same to be done thereon or therein."

demanded. In this instance the community would be all of Jefferson County except the Bessemer Division.

The thought content of Mrs. Jones's act was such that a trier of fact could either find it (a) grotesque, (b) filthy or (c) filthy and funny. She outlined her conduct for the benefit of the trial judge. Her testimony (and that of other witnesses) is replete with references to gestures. The court reporter has only set out "(Indicating)" at these junctures.

Under familiar principles, where evidence which is before a trial court does not come to the reviewing court, the sufficiency of the evidence is not within the scope of appellate review. Davis v. State, 40 Ala.App. 585, 118 So.2d 291.

The instant exposure of mammary prowess and endowment—while undoubtedly not within the *de minimis* rule—to be given First (and Fourteenth) Amendment protection must have been more than mere conduct. Whether or not that conduct conveyed any idea of redeeming social importance was a question of fact.

The judgment below is due to be and hereby is affirmed.

Affirmed.