No. 73–937. J–R DISTRIBUTORS, INC., ET AL. *v.* WASHINGTON. Sup. Ct. Wash. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any state ban on obscenity is prohibited by the First Amendment, made applicable to the States by the Fourteenth (see *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70 (1973) (DOUGLAS, J., dissenting)), would grant certiorari and reverse the judgment.

MR. JUSTICE WHITE.

In this case and in 13 other cases involving issues dealing with obscenity, MR. JUSTICE BRENNAN complains that by denying certiorari or dismissing an appeal, the Court has failed to pass independently on the obscenity of the materials involved. This is a task which he has insisted, see *Jacobellis* v. *Ohio,* 378 U. S. 184, 187–190 (1964), the Court must perform under the approach to obscenity which he espoused and explicated for the Court in *Roth* v. *United States,* 354 U. S. 476 (1957); which he refined for himself and others in *Jacobellis* v. *Ohio, supra; Memoirs* v. *Massachusetts,* 383 U. S. 413 (1966); *Ginzburg* v. *United States,* 383 U. S. 463 (1966); *Mishkin* v. *New York,* 383 U. S. 502 (1966); and *Ginsberg* v. *New York,* 390 U. S. 629 (1968); but which he has now repudiated.

Brother BRENNAN's complaints are wide of the mark. Obscenity cases, like others, are not immune from the standards generally governing the exercise of our appellate jurisdiction. The Court has never indicated that plenary review is mandatory in every case dealing with the issue of obscenity.

In five of these cases,[1] the issue whether the materials involved are obscene was not presented to this Court and the publications themselves were not lodged here. Rule 23 (1)(c) of this Court's Rules provides that "[o]nly the questions set forth in the petition or fairly comprised therein will be considered by the court." Rule 15 (1)(c) with respect to appeals is to the identical effect. I suggest that we are entitled to follow our own Rules. See R. Stern & E. Gressman, Supreme Court Practice § 6.37, pp. 297–299 (4th ed. 1969).

In six other cases,[2] the issue of obscenity *vel non* is among the questions presented here, but the materials themselves have not been filed with this Court. While our Rules permit parties to dispense with filing the entire record at the petition for certiorari stage, a petitioner is completely free at that time to file all or any part of the record he deems necessary or desirable to present clearly the issues he wants reviewed. Indeed, our Rule 23 (4) states that "[t]he failure of a petitioner to present with accuracy, brevity, and clearness whatever is essential to a ready and adequate understanding of the points requiring consideration will be a sufficient reason for denying his petition." Had the petitioner in any of

---

[1] *Carlson* v. *United States, supra; Village Books, Inc.* v. *Marshall, supra; Cangiano* v. *United States, supra; Kaplan* v. *United States, supra;* and *Watkins* v. *South Carolina, supra.*

[2] *Brown* v. *United States, supra; Thevis* v. *United States, supra; Peachtree News Co., Inc.* v. *United States, supra; Enskat* v. *California, supra; Paris Adult Theatre I* v. *Slaton, supra;* and *Millican* v. *United States, supra.*

these cases desired that serious attention be given to the materials themselves, he could have filed them here. Moreover, in each instance either the Court of Appeals or the state appellate court expressly addressed the issue of obscenity and found the materials obscene under proper standards. Under these circumstances, denying certiorari is wholly consistent with our practice.

Finally, I join in denying petitions for certiorari in this case and two other cases, *Buckley* v. *New York, supra,* and *Sians* v. *United States, supra.* In *Buckley,* the materials in question have been lodged with the Court, and the issue of their obscenity is raised in the petition for certiorari. They were examined and described by the Court of Appeals for the State of New York and were held to be obscene under both *Miller* and pre-*Miller* standards. Examination of the materials has not persuaded me that certiorari should be granted. The same is true of *Sians.* The materials, an unremitting series of explicit photographs of a wide spectrum of sexual conduct, including homosexual acts, anal intercourse, fellatio, cunnilingus, and group orgies, were held obscene under any standard by the Court of Appeals. I would not review that judgment.

In *J–R Distributors, Inc.,* the case in which this opinion is filed, the issue of the obscenity of the materials involved was raised in the petition for certiorari, and part, but not all, of them was lodged with this Court. I join in denying the petition for certiorari. Although some of the materials have not been filed here and are therefore not before us, the Washington Supreme Court found all of them obscene under both *Roth* and *Miller* standards. As for the materials on file, it is sufficiently clear to me that they fall within the category of hard-core pornography unprotected by the First Amendment that plenary review is not required. One of the publications involved is Sex Between Humans and Animals. MR.

JUSTICE BRENNAN would apparently hold that the First Amendment prohibits government from denying consenting adults access to such material, but I do not construe the First Amendment as preventing the States from prohibiting the distribution of a publication whose dominant theme is represented by repeated photographs of men and women performing sex acts with a variety of animals.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were convicted for violations of Revised Code of Washington § 9.68.010 (Supp. 1972), which provides:

"Every person who—

"(1) Having knowledge of the contents thereof shall exhibit, sell, distribute, display for sale or distribution, or having knowledge of the contents thereof shall have in his possession with the intent to sell or distribute any book, magazine, pamphlet, comic book, newspaper, writing, photograph, motion picture film, phonograph record, tape or wire recording, picture, drawing, figure, image, or any object or thing which is obscene; or

"(2) Having knowledge of the contents thereof shall cause to be performed or exhibited, or shall engage in the performance or exhibition of any show, act, play, dance or motion picture which is obscene;

"Shall be guilty of a gross misdemeanor.

"The provisions of this section shall not apply to acts done in the scope of his employment by a motion picture operator or projectionist employed by the owner or manager of a theatre or other place for the showing of motion pictures, unless the motion picture operator or projectionist has a financial in-

terest in such theatre or place wherein he is so employed or unless he caused to be performed or exhibited such performance or motion picture without the knowledge and consent of the manager or owner of the theatre or other place of showing."

The Supreme Court of Washington affirmed the convictions, 82 Wash. 2d 584, 512 P. 2d 1049, and subsequently denied a petition for rehearing.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 9.68.010 is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and, since the judgment of the Washington Supreme Court was rendered after *Miller,* reverse.[1] In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Moreover, on the basis of the Court's own holding in *Jenkins* v. *Georgia, ante,* p. 153, its denial of certiorari is improper. As permitted by Rule 21 (1) of the Rules of this Court, which provides that the record in a case need not be certified to this Court, certain of these petitioners did not certify the allegedly obscene materials involved

---

[1] Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

in this case.[2]   It is plain, therefore, that the Court, which has not requested the certification of those materials, has failed to discharge its admitted responsibility under *Jenkins* independently to review those materials under the second and third parts of the *Miller* obscenity test. Nor can it be assumed that the court below performed such a review, since that responsibility was not made clear until *Jenkins*.   Those petitioners have thus never been provided the independent judicial review to which the Court held them entitled in *Jenkins*.   At a minimum, the Court should vacate the judgment below and remand for such a review.

---

[2] Petitioners Samuel Kravitz, Albert T. Duane, and James M. Tidyman were convicted of exhibiting allegedly obscene films, none of which has been certified to this Court.