722 P.2d 681

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Don JOHNSON, Defendant-Appellant.**

**No. 9005.**

Court of Appeals of New Mexico.

June 5, 1986.

Certiorari Denied July 23, 1986.

Paul Bardacke, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Ken Cullen, Albuquerque, for defendant-appellant.

## OPINION

DONNELLY, Judge.

Defendant appeals his conviction of one count of distribution of obscene material in violation of Curry County Ordinance 85–3. Three issues are presented on appeal: (1) denial of admission of defendant's exhibit; (2) denial of tendered instruction; and (3) imposition of a greater sentence following trial de novo in district court. We affirm.

Defendant was arrested and charged with the distribution of sexually-explicit publications in his bookstore outside Clovis. A plainclothes officer purchased three magazines entitled "TV Lust," "Anal Thrust," and "Big Butthole Buddies." The publications contain explicit color photographs of nude men and women and depict scenes of various sexual activity, including oral and anal intercourse.

The ordinance under which defendant was charged prohibits an intentional or knowing display or distribution of an "obscene photograph, drawing, or similar visual representation or other obscene material." Following a jury trial in the magistrate court, defendant was convicted of violating the ordinance. Defendant appealed to the district court and obtained a trial de novo. A jury in the district court again found defendant guilty of the obscenity charge.

## I. EXCLUSION OF EXHIBIT

■ At trial, the state called Detective Daryl Rice. Detective Rice testified that he had purchased from defendant the three publications which gave rise to the prosecution in this case. After the state rested its case, defendant testified in his own defense. He admitted that he had sold the publications in question to Detective Rice, but denied that the materials were obscene. Defendant tendered as a defense exhibit, a magazine entitled "Adult Video," which he asserted he had purchased from a local bookstore in Clovis. The trial court refused to admit the exhibit into evidence because defendant offered no evidence concerning the general availability of copies of the publication in the community or the extent of the local distribution of the publication. Defendant contends the exclusion of this exhibit constituted reversible error.

In *Roth v. United States*, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), the United States Supreme Court upheld defendants' convictions for mailing obscene material in violation of federal obscenity statutes. The Court held that obscenity is not expression protected by the First Amendment. Subsequently, the Court determined that obscenity can manifest itself in written and oral description, as well as in pictorial representation. *Kaplan v. California*, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973). *See Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

Under the test of obscenity adopted in *Roth v. United States*, a critical element is "whether to the average person, applying community standards, the dominant theme of material taken as a whole appeals to prurient interest." 354 U.S. at 489, 77 S.Ct. at 1311 (footnote omitted). In *Miller*, the Court set out guidelines for the trier of fact and restated this element of the *Roth* obscenity test as "whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest." *Miller v. California*, 413 U.S. at 24, 93 S.Ct. at 2615.

A defendant in an obscenity trial may present comparable evidence probative of contemporary community standards. *See Flynt v. State*, 153 Ga.App. 232, 264 S.E.2d 669, *cert. denied*, 449 U.S. 888, 101 S.Ct. 245, 66 L.Ed.2d 114 (1980); *see also Womack v. United States*, 294 F.2d 204 (D.C. Cir.), *cert. denied*, 365 U.S. 859, 81 S.Ct. 826, 5 L.Ed.2d 822 (1961). To provide an adequate foundation for the introduction of comparable evidence, defendant must show that the proffered evidence is: (1) similar to the alleged obscene material and (2) enjoys a reasonable degree of community acceptance. *See Womack v. United States; see also Flynt v. State*. Without such a showing by defendant, the evidence must be excluded as lacking, sufficient probative value. *Id.*

In the instant case, defendant asserts that the trial court erred in excluding a defense exhibit of published material as comparable evidence. In rejecting defendant's tender, the trial court indicated that defendant had failed to offer evidence concerning the extent of the distribution of the magazine.

A mere showing of the availability of similar materials in the community is not probative of community standards, absent proof that the material enjoys a reasonable degree of community acceptance. *United States v. Manarite*, 448 F.2d 583 (2d Cir. 1971); *see Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *see also People v. Heller*, 96 Cal. App.3d Supp. 1, 157 Cal.Rptr. 830 (1979). The fact that sexually explicit material was obtained in a particular locality does not establish a reasonable degree of community acceptance. *See State v. J–R Distributors, Inc.*, 82 Wash.2d 584, 512 P.2d 1049 (1973), *cert. denied*, 418 U.S. 949, 94 S.Ct. 3217, 41 L.Ed.2d 1166 (1974); *see also Flynt v. State*. Mere availability of similar material by itself means nothing more than other persons are engaged in similar activities. *United States v. Manarite*.

Here, defendant failed to present evidence of the extent of distribution of the publication or the similarity between the

tendered exhibit and the alleged obscene material distributed by defendant. The proffer of evidence contained in the defense exhibit went to "mere availability" rather than to "a reasonable degree of community acceptance." The admission of evidence, including a determination of whether adequate foundational facts have been presented, rests within the sound discretion of the trial court. *See State v. Martinez*, 102 N.M. 94, 691 P.2d 887 (Ct. App.1984); *see also* NMSA 1978, Evid.R. 104(a) (Repl.Pamp.1983). Under these facts, the trial court did not err in denying admission of the exhibit.

## II.  REFUSAL OF INSTRUCTION

■  The trial court refused defendant's requested jury instruction, which defined the term "community" by geographical area as "a vicinity such as the State of New Mexico or an area such as Eastern New Mexico and West Texas." Curry County Ordinance 85–3 requires the application of "contemporary community standards" to determine whether material is obscene. There are currently no New Mexico Uniform Jury Instructions relating to the offense of distributing obscene material.

Defendant asserts that without this limiting instruction, the Curry County Ordinance was overbroad and violative of N.M. Const. art. II, § 18 and the Fifth and Fourteenth Amendments to the United States Constitution. In sum, defendant contends that the geographical area encompassed by the applicable community standard should extend beyond Curry County.

In *Jenkins v. Georgia*, 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974), the Supreme Court rejected a contention similar to that asserted by defendant herein. The Court held acceptable a state court instruction directing jurors to apply community standards without further definition of the community.

In *Miller v. California*, the Court held that in a prosecution under a state obsceni-

ty statute, neither the state's failure to offer evidence of national standards, nor the trial court's charge that the state should consider state community standards was violative of the United States Constitution. The Court in *Miller* also noted that the First Amendment does not require jurors to consider hypothetical and unascertainable national standards in determining whether certain materials are obscene as a matter of fact.

In *Hamling*, the Court held that a juror sitting in obscenity cases may draw on his knowledge of the community or vicinage from which he comes to determine what "the average person, applying contemporary community standards" would conclude. *Id.*, 418 at 105, 94 S.Ct. at 2901. *See also Miller v. California*, 413 U.S. at 24, 93 S.Ct. at 2614. The Court ruled in *Jenkins v. Georgia* that states possess considerable latitude in framing statutes under the community standard articulated in *Miller* and that a state may elect either to define an obscenity offense by "contemporary community standards" or by community standards delineated in more precise geographic terms. *See generally Smith v. United States*, 431 U.S. 291, 97 S.Ct. 1756, 52 L.Ed.2d 324 (1977).

The purpose of requiring the jury to apply community standards is to assure that the material alleged to be obscene is judged neither on the basis of each juror's personal opinion, nor by its effect on a particularly sensitive or insensitive person or group. *Hamling v. United States. See Miller v. California; see also Smith v. United States.* In the instant case, the trial court instructed the jury that it must avoid subjective personal or private views in determining community standards and that it should apply a standard of an average adult person of the community as a whole.

In New Mexico, there is no applicable state statute defining obscene material, and the state has no general obscenity statute.[1]  The instructions given by the trial

---

1.  For related offenses and definitions, *see, e.g.*: NMSA 1978, sections 30–37–1 to –8 (Repl.Pamp.

1980), proscribing sexually oriented material harmful to minors; and NMSA 1978, sections

court substantially followed the language of the county ordinance, requiring a juror to base his conclusion on that of "the average person, applying contemporary community standards." Failure to give a jury instruction containing an essential element of the offense charged is jurisdictional and may be raised for the first time on appeal. *State v. Jennings*, 102 N.M. 89, 691 P.2d 882 (Ct.App.1984). However, the failure to give a definitional jury instruction is not error. *Id.; State v. Doe*, 100 N.M. 481, 672 P.2d 654 (1983).

"Community" is defined as "a society or body of people living in the same place, under the same laws and regulations, who have common rights, privileges, or interests." *Black's Law Dictionary* 254 (5th ed. 1979). The obscenity ordinance under which defendant was prosecuted was enacted by the commissioners of Curry County, and the ordinance had effect only within that county. NMSA 1978, § 4–37–2 (Repl. Pamp.1984).

The applicable community standards to be applied are those of the area from which the jury is drawn. *See Hamling v. United States; Jones v. City of Birmingham*, 45 Ala.App. 86, 224 So.2d 922 (1969), *cert. denied*, 396 U.S. 1011, 90 S.Ct. 553, 24 L.Ed.2d 504 (1970); *State v. International Amusements*, 565 P.2d 1112 (Utah 1977), *cert. denied*, 434 U.S. 1023, 98 S.Ct. 750, 54 L.Ed.2d 771 (1978). The jury in this case was drawn from Curry County. The trial court did not err in refusing defendant's tendered instruction.

### III. IMPOSITION OF GREATER SENTENCE

■ Following defendant's conviction in the magistrate court, defendant was sentenced to thirty days in jail and ordered to pay a fine of $300.00. Defendant's jail sentence was suspended. After defendant's appeal and conviction in the district court on the same charge, defendant was sentenced to serve a jail term of ninety days, and a fine in the sum of $300.00 was imposed. The trial court suspended sixty

30–38–1 & –2 (Repl.Pamp.1980), prohibiting the

days of the jail sentence and ordered defendant to pay probation costs and court costs in the amount of $500.00, in addition to the fine.

Defendant contends that in a case involving a charge of criminal obscenity, it was error for the district court to impose a greater sentence than that imposed by the magistrate court. Defendant also asserts that his due process rights entitle him to appeal the magistrate court conviction to the district court without fear of imposition of a greater sentence and that the enhanced sentence resulted in a "chilling effect" on his exercise of the right to appeal.

In advancing this argument, defendant seeks to have this court reconsider its holding in *City of Farmington v. Sandoval*, 90 N.M. 246, 561 P.2d 945 (Ct.App.1977). This court held in *Sandoval* that the imposition of a greater sentence by the district court, following an appeal from the Farmington Municipal Court after a trial de novo, did not violate constitutional prohibitions against double jeopardy, nor deprive defendant of due process. The decision in *Sandoval* is supported by persuasive authority and is controlling herein. *See Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Defendant also asserts that due process requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. *Id.* The facts herein fail to support a showing of vindictiveness.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.

outdoor exhibition of obscene films.